# Stevenson *v.* Murray.

*Petition to set aside Order for Sale of Decedent's Lands.*

1. *Sale of decedent's lands for payment of debts; competency of administrator as witness; identity of name as showing identity of person.*—On application by an administrator for an order to sell lands for the payment of debts, when minors are interested in the estate (Code, §§ 2111, 2114), he is not a competent witness to prove the necessity for a sale; yet, if the order is granted, and application is made to set it aside at a subsequent term, the proceedings being regular on their face, it will not be presumed that one of the witnesses was the administrator merely because his name was the same.

APPEAL from the Probate Court of Calhoun.

Heard before the Hon. EMMETT F. CROOK.

In the matter of the estate of Edward C. Murray, deceased, on the petition of the infant heirs to set aside an order for the sale of the lands of the estate, which had been granted on the petition of Hugh Stevenson, the administrator, alleging that a sale was necessary to pay debts. The order of sale was made on the 19th May, 1887, and the petition to set it aside was filed on the 25th March, 1889. The court overruled a demurrer to the petition, and set aside the order of sale as prayed; and this judgment is here assigned as error by the administrator.

KNOX & BOWIE, and CALDWELL & JOHNSTON, for appellant. (1.) The administrator was a competent witness to prove the necessity for a sale, and he knew the condition of the estate

[Steverson v. Murray.]

better than any one else.—*Davis v. Tarver*, 65 Ala. 98; *Quarles v. Campbell*, 72 Ala. 64; *Garrett v. Bruner*, 59 Ala. 513. (2.) Even if he was incompetent, the objection was waived because not taken at the hearing; nor can it be raised in this collateral proceeding, when the record recites that the witnesses were disinterested. (3.) The proceedings connected with the order of sale are regular on their face, and show that the jurisdiction of the court had attached; and mere irregularities can not avail on collateral attack. *Pettus v. McClannahan*, 52 Ala. 55; *Robertson v. Bradford*, 70 Ala. 387; *Lyons v. Hamner*, 84 Ala. 197; *Ford v. Ford*, 68 Ala. 141; *Carter v. Waugh*, 42 Ala. 452.

BROTHERS, WILLETT & WILLETT, *contra.*—On application to sell lands for the payment of debts, the administrator and the heirs are adversary parties.—*Curry v. Peebles*, 83 Ala. 225. Being a party in interest, and a party to the record, the administrator certainly is not a competent witness to prove his own side of the issue. His interest and incompetency appear on the face of the record, and render void the order of sale founded on his testimony.—Code, §§ 2111, 2114; *Davis v. Tarver*, 65 Ala. 98; *Quarles v. Campbell*, 72 Ala. 64; *Robertson v. Bradford*, 70 Ala. 385; *Pettus v. McClannahan*, 52 Ala. 55.

McCLELLAN, J.—On the 8th day of April, 1887, Hugh Stevenson, as the administrator of the estate of Edward C. Murray, deceased, filed a petition in the Probate Court of Calhoun county, alleging that said estate owed debts to the amount of five thousand dollars, and that the personal property belonging to the estate was insufficient to pay them, and praying for an order to sell certain real estate for that purpose. On May 19, 1887, an order of sale was made in response to this petition. The order recites, among other things, "the application of said Hugh Stevenson, administrator," &c., notice of the same, appointment, appearance, and denials of a guardian *ad litem* for the minor heirs of the decedent; and that "it further appearing to the satisfaction of the court, by the oaths of Hugh Stevenson and August Lorenzen, disinterested witnesses, whose testimony has been taken by depositions as in chancery proceedings," &c. On March 25th, 1889, the minor heirs of said intestate filed, by their next friend, a petition in said Probate Court praying that the order of sale be vacated, on

[Stevenson v. Murray.]

the ground that the necessity therefor had not been proved by two disinterested witnesses, and alleging that one of the two witnesses, whose deposition had been taken as recited in the order, was the administrator of the estate. The administrator demurred to the petition. The demurrer was over-ruled, and, no further defense being made, the prayer of the petition was granted, the order of sale vacated and annulled; and this appeal is prosecuted from the decree of the court in that behalf.

It is admitted, and the record shows, that all the proceedings, including and resulting in the decree of sale, were regular, unless the rendition of the decree on the evidence of Hugh Stevenson and another was an irregularity. There is, of course, no question made as to the requirement that the necessity for a sale of the decedent's lands must be shown by two disinterested witnesses.—Code, §§ 2111, 2114. It is equally clear, that an order of sale made in the absence of such proof, taken as in chancery proceedings, where the land has descended to minors, is void.—Code, § 2114; *Robertson v. Bradford*, 70 Ala. 386; *Pettus v. McClannahan*, 52 Ala. 58. The administrator is the movant—the party plaintiff—in proceedings for the sale of lands to pay the debts of the estate, and the heirs of the estate are the parties defendant thereto. The personal representative on the one hand, and the heirs on the other, are adversary parties, with all the incidents implied in that relation.—*Garrett v. Bruner*, 59 Ala. 515; *Davis v. Tarver*, 65 Ala. 98; *Curry v. Peebles*, 83 Ala. 225. Nor is the administrator a mere nominal party to the record. He has a direct interest to subserve in the subjection of the lands of the estate to the payment of its debts. To do so may, in certain contingencies, relieve him from personal accountability, and, in any event, would redound to his advantage, to the extent of the commissions allowed him on assets which pass through his hands. We entertain no doubt, therefore, that he is not a disinterested witness, within the meaning of sections 2111 and 2114 of the Code. It follows, that if it can be legally determined in this proceeding, that one of the two witnesses, upon whose testimony the order of sale was based, was the administrator of the estate, the order was void, and the decree of the Probate Court so declaring must be affirmed.

The application for the order of sale, as we have seen, stated all the facts necessary to give the court jurisdiction. By the unbroken current of our decisions, a decree based on

such a petition will be upheld against collateral attack, even though it should appear that many and gross irregularities had characterized the supervening proceedings.—*Robertson v. Bradford*, 70 Ala. 385. The one exception to the rule is that established by section 2114 of the Code, which renders an order of sale void, notwithstanding the jurisdictional sufficiency of the petition, if the Probate Court has failed to take evidence showing the necessity of sale by depositions as in chancery.—*Pettus v. McClannahan*, 52 Ala. 55. But, even where this is the case, and there has in fact been such irregularity in this respect as by the terms of the statute would avoid the decree upon a direct assault; yet, when the attack is collateral, either by the validity of the order being drawn in question incidentally in other suits or proceedings, or by a petition to vacate the decree made, in and at a subsequent term of the court which rendered it, the rule is well settled with respect to this, as well as all other judgments and decrees in cases in which jurisdiction has attached, that the matter relied on as avoiding the adjudication must appear affirmatively on the face of the record.—*Freeman on Judg.* § 98; *Johnson v. Glasscock*, 2 Ala. 522; *Pettus v. McClannahan*, 52 Ala. 57–9.

The petition in this case, on which the order of sale was vacated, was filed after the term at which the order was made. The decree vacating the order was made at a subsequent term. The action of the court in vacating the order of sale must, therefore, find its justification on the face of the record, of which the vacated order constituted a part. That record shows that Hugh Stevenson was the administrator; that as such administrator he filed the petition for an order to sell the lands, and that upon the hearing of that petition it appeared "to the satisfaction of the court, by the oaths of Hugh Stevenson and August Lorenzen, disinterested witnesses," that the statutory necessity for a sale of the lands existed, &c. Does it affirmatively appear by this recital, that the Hugh Stevenson who was the administrator, and the Hugh Stevenson whose testimony was taken in support of the application, were one and the same person? Conceding that, ordinarily, the same name will be presumed to indicate and designate the same person ( *Wilson v. Holt*, 83 Ala. 541), yet, can it be said—is there any warrant for the indulgence of the presumption—that the Hugh Stevenson who was administrator, and as such so connected with the proceeding as that he could not be a disinterested witness in

[Graham v. Gray.]

the cause, is the same Hugh Stevenson who is affirmed by the records of the court to be a disinterested witness in that proceeding? Is not any *prima facie* presumption of the identity of person, which might have arisen from the identity of name, rebutted and overturned by the solemn assertion of the judgment-entry, that Hugh Stevenson, witness, was without interest in the pending proceeding—an affirmation, which was not and could not, under any circumstances, have been true with respect to Hugh Stevenson, administrator? We are of the opinion, that the record of this judgment does not show that the administrator was one of the two witnesses by whom the necessity for a sale was established. This alleged infirmity could not be shown *aliunde.* The petition, with its exhibits, presented the whole case on the part of the movants. The case so presented did not authorize the setting aside of the order of sale, and the demurrer of the administrator should have been sustained.

The decree of the court overruling the demurrer, and vacating the order of sale, is reversed, and a decree will be here rendered, dismissing the petition of appellees, at the cost of their next friend in this court and in the court below.

Reversed and rendered.