# Thompson, *et al. v.* Boswell, *et al.*

## *Ejectment.*

1. *One witness sufficient to prove necessity of sale of decedent's lands to pay debts.*—The testimony of one witness, whose depositions have been taken as in chancery cases, is sufficient in a collateral attack to support an order of the probate court for the sale of the lands of a decedent to pay debts, although there are minors interested in the estate of the decedent.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

Mildred Thompson and others, claiming as heirs at law of John McKown, deceased, brought ejectment against Sandy Boswell, who claimed title to the lands sued for through a sale of said lands made under an order of the probate court. The proceedings in the probate court were in all respects regular and the point of contention is thus stated in the bill of exception: "The only contention as to the validity of the sale by the administrator was that the deposition by only one witness was taken to prove the necessity for the sale. The plaintiffs were minors at the time of said application to sell, and at the time the order of sale was granted and the sale made. The plaintiffs were the only heirs at law of said John McKown."

The court charged the jury in writing at defendants request, that if they believed the evidence, they will find for defendants, and plaintiffs excepted to the giving of said charge. The former opinion in this case will be found in 12 So. Rep. 85.

[Thompson, et al. v. Boswell, et al.]

GARDNER & WILEY, for appellants. No brief came to hands of Reporter.

PARKS & GAMBLE, for appellees, cited 3 Brick. Dig., p. 466, § 169; *Ib.* p. 480, § 75; *McCalley v. Robinson*, 70 Ala. 432; *Ford v. Ford*, 68 Ala. 141.

McCLELLAN, J.—On a former day of this term an opinion was handed down in this cause, wherein it was held that the probate sale under which the defendants assert title to the land in controversy was void for the reason that the record of the probate court showed that the intestate's heirs were minors at the time of the order of sale, and that *only one* witness was examined as in chancery cases in support of the necessity for the sale alleged in the petition of the administrator. In reaching this conclusion we followed the case of *Stevenson v. Murray*, 87 Ala. 442, where it was assumed and, upon the assumption, declared that under sections 2111 and 2114 of the Code the necessity for the sale of the decedent's lands for the payment of debts, &c., where the heirs are minors, must be shown by the evidence of at least *two* witnesses taken by deposition as in chancery proceedings, else the order of sale would be absolutely void. We found upon the record in that case, however, that two witnesses had been examined and upon this ground sustained the validity of the order involved there. Upon further consideration, in response to the application for a rehearing in this case, we are of the opinion that what was assumed or declared in *Stevenson v. Murray*, *supra*, in respect of the necessity for the examination of two or more witnesses in such cases, or rather in respect of the invalidating effect of a failure to take the evidence of more than one witness, is unsound; and the opinion heretofore rendered is withdrawn.

It is true that section 2111 of the Code requires that on a petition by a personal representative for the sale of lands for the payment of the debts of the decedent, "the applicant must show to the court that the personal property of the estate is insufficient for the payment of debts;" and that such proof must be made "by the depositions of disinterested *witnesses*," the plural form of the word being used. But section 1 of the Code provides that "the singular includes the plural and the plural the singular" with reference to words used in the Code; and by virtue of this provision it would be competent to read section 2111 as if it had provided that the necessary proof could be made by the depo-

sition of *one* disinterested witness. Section 2114 which has reference particularly to the sale of decedent's lands where minors are interested does not undertake to prescribe the number of witnesses; indeed it makes no direct reference to witnesses at all; but leaves to the terms of section 2111 the determination as to how and by what number of witnesses the required proof shall be made, and under that section the evidence of one witness would suffice.

Moreover, where the interests of minors are not involved a sale ordered upon a petition stating the jurisdictional facts would not be absolutely void, though no proof of the necessity therefor were made in the Probate Court. On the contrary, such an order would be upheld at least in all collateral proceedings such as this is. And the same is true in respect of an order for the sale of land in which minors are interested except to the extent that a different rule is prescribed by section 2114. The effect of that section is to prescribe a different rule in one contingency only. It has reference to the mode of taking the testimony required by section 2111, and to the consequences of a failure to take whatever testimony as required by that section *in the manner pointed out* in section 2114. It provides that "any order of sale and sale" of land in which minors are interested, made without taking "evidence by deposition as in chancery proceedings, showing the necessity of such sale,  ·   ·   ·   ·    shall be wholly void." It is the failure to take evidence *by deposition as in chancery* that invalidates the order and sale made under it. In all other respects, orders made for the sale of land in which minors are interested, stand upon the same footing as orders for the sale of lands in which only adults are interested. If the petition for the sale contains the jurisdictional averments, the order made thereon can not be collaterally attacked on any ground, (fraud and the like of course excepted) unless minors are interested; and in this latter, it can only be assailed on the ground that the evidence of necessity, whether of one or more witnesses, was not taken by deposition as in chancery proceedings.

The sale relied on in the case at bar was made under an order which is not open to the vitiating objection of a want of compliance with section 2114. The evidence was "taken by deposition as in chancery proceedings, showing the necessity of such sale." No other infirmity in the title of defendants to the land in suit was attempted to be shown; and the trial court properly gave the affirmative charge in their favor.

[Steed v. Knowles.]

Former judgment vacated, and the judgment of the Circuit Court is affirmed.

Affirmed.