# Kent et al. v. Mansel et al.

*Statutory Action of Ejectment.*

1. *Petition for sale of lands to pay decedent's debts; sufficient averments.*—A petition by an administrator for an order to sell lands belonging to the estate of his intestate for the payment of his debts,

[Kent et al. v. Mansel et al.]

(Code, §§ 2104, 2106), which alleges that "the personal property of said estate is insufficient for the payment of the debts thereof, and that therefore it is necessary, and will be to the interest of said estate, to sell the lands hereinafter named, for the payment of the debts of of said estate," is sufficient to confer jurisdiction on the probate court to decree a sale of said lands.

2. *Decree of sale of decedent's lands; presumption in favor of the decree of the probate court on collateral attack.*—When, in an action of ejectment, a decree of the sale of decedent's lands is attacked, on the ground that the evidence in the proceedings in the probate court was not taken in the manner required by statute, (Code, §2111), the order of sale of said lands by the probate court is not set out in the record, but the statement is made that the court rendered a decree ordering said lands to be sold for the payment of the debts of said estate, this court, on appeal, will presume that the order or judement of the probate court contained all that was necessary to uphold its validity, including the finding that proof of the necessity of the sale to pay the debts was made by disinterested witnesses, as provided by the statute, and that such order was sufficient.

3. *Order of sale collaterally attacked; error must affirmatively appear on the face of the record.*—When a decree of the probate court ordering the sale of the decedent's lands for the payment of debts is collaterally attacked, the decree will not be annulled and set aside, unless the matters relied on as avoiding the adjudication appear affirmatively on the face of the record.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment, brought by the appellants, against the appellees on April 21, 1890. The cause was tried upon an agreed statement of facts, from which it appeared that the plaintiffs were the heirs-at-law of Randolph Kent, who died intestate, and that the defendants were the children and grand-children of William M. Mansel, deceased, and Elizabeth Mansel, deceased, to whom dower right was assigned as the widow of said William M. Mansel, and that the lands sued for in this action were the lands which were assigned to said Elizabeth Mansel as her dower in the lands of her deceased husband, William M. Mansel. It further appeared from the agreed statement of facts that Wm. M. Mansel, a resident of Montgomery county, died intestate on the 31st of May, 1875, being the owner of 360 acres of land in said county, which is described in said statement of facts; that on the 4th October, 1875, Wm. T.

Hatchett was appointed adminstrator of his estate by the probate court of Montgomery county; that on the 30th October, 1876, said Hatchett, as administrator, filed a petition in the probate court of said county, to sell said lands to pay the debts of said estate. The allegations of said petition, important to be considered, are, "that the personal property of said estate is insufficient for the payment of the debts thereof, and that, therefore, it is necessary and will be to the interest of said estate, to sell the lands hereinafter named for the payment of the debts of said estate." Certain minors, whose names are given, were interested in said estate. On the trial of said petition, the evidence of two witnesses, one by the name of William T. Hatchett, and the other H. W. Clark, was taken by deposition, as in chancery cases, to show the necessity for the sale. It does not appear, whether the witness William T. Hatchett is the same William T. Hatchett, who was the administrator of the estate, but it does appear, from the deposition of the witness H. W. Clark, that he (Clark) was a creditor of the latter. He swore, "I am a creditor to the amount of $250, with interest from the 17th day of April, 1875, balance due for the purchase money of lands." But he did not know who else were creditors of said estate. Said witness Wm. T. Hatchett, swore, that said estate owed debts to the amount of about $300. On the 25th January, 1877, the probate court of Montgomery county, on this petition and evidence, rendered a decree ordering the lands of the estate described in the petition to be sold for the payment of its debts, and a sale was, accordingly, made by the administrator on March 26, 1877, at which, H. W. Clark became the purchaser at the price of $750, which sale was reported to and confirmed by said probate court, and a deed of conveyance was ordered to be made to said purchaser, and the administrator, accordingly, on the 8th of November, 1878, by deed duly executed, conveyed to said Clark, all the "claim, right, title and interest of the said Wm. M. Mansel, deceased," in and to said lands. The order of sale made by the probate court is not set out in the record. All that appears on that subject is, "that on the 25th day of January, 1887, the probate court of Montgomery county, rendered a decree ordering said lands to be sold for the payment of the debts of said estate of Wm. M. Mansel, deceased."

[Kent et al. v. Mansel et al.]

It further appears, that on the 11th September, 1878, the lands sued for in this action, which are a part of the lands which were sold by said administrator to pay ·debts, were duly set apart, by the order and decree of the probate court of Montgomery county, to Elizabeth Mansel, the widow of the intestate, as her dower, and she went into the possession of them, and that she and those claiming under her have had possession of said dower lands ever since; that said widow, about the year, 1883, moved to Texas, where she died on the 17th day of October, 1888.

It also further appears, that H. W. Clark and wife, on the 12th of September, 1881, conveyed said lands, purchased by him at said administrator's sale,—which included the dower lands now sued for,—to Randolph Kent; but, as to the lands set apart as dower he sold only the reversionary interest, after the termination of the widow's dower interest in them; that said Kent was put in the possession of said lands, except that portion set apart as dower, and afterwards, died intestate, leaving the plaintiffs as his sole heirs-at-law, and they and the defendants claim title derived from the said William M. Mansel. The record does not show upon what plea the cause was tried. The court gave the general charge for the defendants and refused the same charge for the plaintiffs. There was judgment for the defendants. The plaintiffs appeal, and assign as error the giving of the charge requested by the defendants, and the refusal to give the general affirmative charge requested by the plaintiffs.

E. P. MORRISETT and A. A. WILEY, for appellants.— The petition for the sale of William M. Mansel's lands by his administrator, conferred jurisdiction upon the ⸱ probate court to order the sale of said lands.—*Cotton v. Holloway*, 96 Ala. 544, wherein the case of *Abernathy v. O'Reilly*, 90 Ala. 495, 7 So. Rep. 919, is overruled. The judgment or decree of the probate court ordering the sale of the land of the estate of William M. Mansel, deceased, was final and conclusive, not only as to all facts and issues decided, but upon all points which were necessarily involved in the matter adjudicated. *Meadows v. Meadows*, 73 Ala. 356; *Landford v. Dunklin*, 71 Ala. 594; *King. v. Kent*, 29 Ala. 542; Code of Ala., §

2104. This court will presume in this proceeding that the evidence to establish the necessity for the sale of the lands, in the probate court, was ample and sufficient, and that the statutory requirements were complied with in the taking of depositions.—*Beadle v. Davidson*, 75 Ala. 494; *Guilmartin v. Wood*, 76 Ala. 204; *Strang v. Moog*, 72 Ala. 460; *McDonald v. Mobile Life Ins. Co.*, 65 Ala. 358; *Ex parte Sims*, 44 Ala. 248; *Ex parte Morris*, 44 Ala. 361; Well's Res Adjudicata, § 217.

GEORGE F. MOORE and WILLIAM W. HILL, *contra*.—(1) The witnesses by whom the necessity for the sale of the lands was proved, in the probate court, were not disinterested witnesses as required by the statute, and, therefore, the purchaser did not obtain the legal title to the lands purchased, and could not convey a legal title to his vendee, Randolph Kent, who was the ancestor. *Stevenson v. Murray*, 87 Ala. 442, 6 So. Rep. 301; *Wilson v. Holt*, 83 Ala. 528. (2.) The petition for the sale of the lands by the administrator of the estate of William Mansel was not sufficient to confer jurisdiction upon the probate court for the sale of the lands.—*Abernathy v. O'-Reilly*, 90 Ala. 495, 7 So. Rep. 919; *Bingham v. Jones*, 84 Ala. 202, 4 So. Rep. 409; *Meadows v. Meadows*, 73 Ala. 356; *Robertson v. Bradford*, 73 Ala. 116; *Robertson v. Bradford*, 70 Ala. 385; *Tyson v. Brown*, 64 Ala. 244; *Wilburn & Co. v. McCalley*, 63 Ala. 436.

HARALSON, J.—Under *Abernathy v. O'Rielly*, 90 Ala. 495, 7 So. Rep. 919, the petition in this case would be insufficient to support the sale; but, that case has been overruled, and we have since held the same averments, in other petitions, to be sufficient.—*Cotton v. Holloway*, 96 Ala. 544, and *Smith v. Brannon*, 99 Ala. 445.

Section 2111 (2455) of the Code provides, in cases for the sale of lands for the payment of the debts of an intestate, that "the applicant must show to the court, that the personal property of the estate is insufficient for the payment of debts; and such proof must be made by the deposition of disinterested witnesses." The point is made in this case, that the proof that the personal property* of the estate was insufficient to pay its debts, was made by interested witnesses, and the order of sale is, therefore, void.

The two witnesses examined were Wm. T. Hatchett

and H. W. Clark. It nowhere appears that Wm. T. Hatchett, the administrator of the estate, was the same person who was examined in the proceeding as a witness. Identity of name, as has been held, is presumptive evidence of identity of person, in the absence of evidence showing that the name is borne by two or more persons in the same community.—*Garrett v. State*, 76 Ala. 18; *Wilson v. Holt*, 83 Ala. 529, 3 So. Rep. 321; *Stevenson v. Murray*, 87 Ala. 445, 6 So Rep. 301.

H. W. Clark, as his evidence taken in that proceeding shows, was a creditor of the estate, whose debt was to be paid out of the proceeds of the sale; but, if interested on that account, which it is unnecessary to determine, or if said Hatchett was in fact an interested witness, such interest, on the part of either or both of the witnesses, can not affect the conclusion we reach. The order of sale of said lands, made by the probate court, is not set out in the agreed statement of facts appearing in the transcript, on which the case was tried in the circuit court. The statement is made, simply, that the court rendered a decree ordering said lands to be sold for the payment of the debts of said estate.

The duty devolved on the probate court, having acquired jurisdiction in the premises, to determine whether or not the evidence in the proceeding had been taken in the manner required by the statute, upon which a valid order of sale could be made, and was sufficient for that purpose, and if the court found it was so taken and was sufficient, the adjudication is final and conclusive on all persons, however erroneous, unless set aside on appeal.—*Goodwin v. Sims*, 86 Ala. 107, 5 So. Rep. 587.

We must presume, that the order or judgment of the court contained all that was necessary to uphold its validity, including the finding, that proof of the necessity of the sale to pay the debts was made by disinterested witnesses, and was sufficient. We have recently held, that proof by one such witness was sufficient.—*Thompson v. Boswell*, 97 Ala. 570, 12 So. Rep. 809.

We have been referred to the case of *Stevenson v. Murray, supra*, as supporting the contention of appellees. But, it is there expressly and correctly stated, that "when the attack [on an order of this character] is collateral, either by the validity of the order being drawn in question incidentally, in other suits or proceedings,

.[as is the case here] , or by a petition to vacate the decree made, in and at a subsequent term of the court which rendered it, the rule is well settled with respect to this, as well as all other judgments and decrees in cases in which jurisdiction has attached, that the matter relied on as avoiding the adjudication must appear affirmatively on the face of the record.''—*Pettus v. McClannahan,* 52 Ala. 55.

Presuming, as we must, that no such invalidity appears on the face of the order of sale, we hold that the court erred in giving the general charge in favor of defendants, and in refusing to give it for the plaintiffs.

Reversed and remanded.