# Garner *et al.* v. Toney, Admr. &c.

*Petition to Sell Lands of Decedent for Payment of Debts.*

1. *Code 1886, § 2104; sufficiency of petition thereunder.*—The jurisdictional facts necessary to be shown in a petition filed under Code 1886, § 2104, for the sale of lands of a decedent for the payment of the debts of his estate, are that there are debts of the estate to be paid, and the personal property of the estate is insufficient to pay them.

2. *Same; averments of petition may be established by deposition of one witness.*—Under Code 1886, § 2111, providing that an application for the sale of land to satisfy the debts of a deceased person "must show that the personal property of the estate is insufficient for the payment of the debts, and such proof must be made by the deposition of disinterested witnesses," the uncontroverted deposition of one witness that the only personal property the deceased had was live stock, which died after her death, and that the deceased was indebted on a note given for the price of land, authorizes a decree of sale.

3. *Promissory note purporting to be under seal, not barred by statute of limitations of six years.*—A note purporting to be under seal is not barred by the six-years statute of limitations.

4. *Depositions taken under Code 1886, § 2104 may be controverted by oral evidence.*—On the hearing of an application under Code 1886, § 2104 to sell lands of a decedent for payment of the debts of the estate, depositions, taken pursuant to said statute to establish the averments of the petition, may be controverted by oral evidence.

APPEAL from the Probate Court of Jackson.

Tried before the Hon. WILLIAM B. BRIDGES.

On the 20th day of November, 1893, the appellee, James A. Toney, as the administrator of the estate of Celia Berry, deceased, filed a petition in the probate

court of Jackson county, asking for an order from said court to sell certain described lands for the payment of the debts of the estate of Celia Berry. This petition alleged, "that the estate of the said Celia Berry is owing debts to the amount of $300, with interest from December 25, 1882, as per copy of note or bond hereto attached as exhibit A ; and that the personal property of said decedent is insufficient for the payment of the debts thereof." This petition was regular in every way ; and upon the day appointed to hear the cause, the depositions of two disinterested witnesses, Elishu Shook and W. M. Cobb, were read in evidence. Their testimony is sufficiently stated in the opinion. On January 15, 1894, the court granted the prayer of the petition, and ordered the lands described in the petition to be sold by the petitioner for the purposes specified. The administrator reported the sale, the court confirmed said sale, and directed a deed to be executed by said administrator to the purchaser. On April 6th, 1894, Harriet Garner and Jane Conley, heirs of said Celia Berry, together with their respective husbands, took an appeal from the decree ordering the sale of the lands ; and on this appeal the assignments of error are directed to the following rulings of the probate court : (1.) The granting of the order of sale. (2.) In not holding the claims proven against the estate to be barred by the statute of limitations of six years. (3.) In not holding the claims proven against the estate to be barred by the statute of limitations of ten years. (4.) In holding the proof taken by the depositions of the witnesses, Shook and Cobb, to be sufficient to warrant an order of sale of the land. (5.) In ordering a sale of the land.

J. E. Brown, for the appellants.

Martin & Bouldin, for the appellee.

HARALSON, J.—Section 2104 of the Code makes the provision, that "in cases of intestacy, lands may be sold by the administrator for the payment of debts, when the personal estate is insufficient therefor." The jurisdictional facts, in a proceeding of the kind, are that the administrator, in his application to the probate court to sell the lands for such purpose, shall show, that there

23

[Garner *et al.* v. Toney, Admr. &c.]

are debts of the intestate to be paid, and that the personal estate which he left is insufficient to pay them.—*Kent v. Mansell,* 101 Ala. 334; *Smith v. Brannon,* 99 Ala. 445; *Cotton v. Holloway,* 96 Ala. 544; *Goodwin v. Sims,* 86 Ala. 102; *Pettus v. McClannahan,* 52 Ala. 55.

Section 2106 provides for the making of the application, by whom and to whom to be made, and its contents; and a day must be fixed for the hearing of the application, after notice to the interested parties.—§ 2107.

Section 2111 then provides, that on the day appointed for the hearing, "the applicant must show to the court, that the personal property of the estate is insufficient for the payment of the debts; and such proof must be made by the deposition of disinterested witnesses, and *filed and recorded.*" We have held, that while this proof, on the part of the personal representative, must be taken by deposition, the contestants may, by oral evidence, controvert the facts stated in the application.—*Garrett v. Bruner,* 59 Ala. 513; *Davis v. Tarver,* 65 Ala. 98; *Gayle v. Johnson,* 72 Ala. 256.

In this case, there is no complaint against the sufficiency of the application, under the statute, nor of the fullness and correctness of the decree of sale which was rendered thereon by the probate court. The appeal is taken from that decree, on the transcript of the record, without any bill of exceptions. No errors are insisted on, which are not alleged to be apparent on the record.

The assignments of error question the sufficiency of the evidence of the witnesses examined by the administrator, and which are found in the transcript, to warrant the decree of sale of the lands rendered by the probate court. The appellee contends, that these depositions are not a part of the record, and the decree being full, correct and unassailable for what appears on its face, and no exception having been taken on the trial; as to the admissibility or sufficiency of the evidence introduced, the appellants are without ground of complaint against said decree. But waiving that question, and treating the evidence taken as properly before us, there does not appear to be any error in the record.

The testimony of the witness, Shook, of itself, is not sufficient to show an indebtedness on the part of petitioner's intestate, Celia Berry. He stated he did not know of his own personal knowledge of any debts against

her estate. Although he was acquainted with her, he knew of no personal property she owned at the time of her death. The witness, Cobb, however, in answer to the question as to what personal property she had at the time of her death, what it was worth and what became of it, stated, that she owned a cow and a yearling, and they both died after said Celia died ; and he further testified, that said Celia was indebted to M. A. Clay for a note for $300, given for the purchase money of land, and that the same is unpaid.

The note evidencing the debt for which the sale of land was sought to pay, is payable to M. A. Clay on the 25th of December, 1887, is for the sum of $300, as purchase money for land, and imports on its face to be under seal, —its language being, in conclusion, "as witness our hands and seals, this the 7th September, 1882."

The evidence of the witness, Cobb, seems to establish with reasonable certainty, the existence of the indebtedness alleged in the petition, and that there were no personal assets of the intestate sufficient to pay it. The evidence of one witness was sufficient.—*Thompson v. Boswell*, 97 Ala. 570.

The error assigned as to the statute of limitations barring the debt described in the application,—if the question is properly presented,—has no foundation, in fact. The note described as owing, purports, as we have seen, to be under seal and was due, by its terms, on the 25th of December, 1887. The petition in this case was filed, 17th November, 1893, and, continued until the 15th of January, 1894, was tried, and the decree rendered on that date.

Affirmed.