# Hunt *v.* Curtis, *et al.*

## Petition for Sale of Land.

(Decided May 29, 1907.   44 South. 54.)

1. *Administrators; Sale Under Orders of Court; Evidence of Title.* —Under the express provisions of section 186, Code 1896, on an application to sell land of an estate, a deed showing title in intestate to an undivided one-half interest in the land at the time of his death was admissible as evidence; and the fact that the initial G. in intestate's name did not appear in the deed offered in evidence did not render it inadmissible, notwithstanding his name was given in the petition with that initial in it.

2. *Same; Allowance and Payment of Claim.*—A claim is not objectionable on the ground that it was not legally filed by a person authorized under the law to do so, where such claim was filed by the heirs at law of the deceased creditor.

3. *Same; Disputed Claim; Trial; Evidence.*—Where the claim was for the use of land by intestate and testimony was offered tending to show that the claimants intestate had received rent cotton from the land prior to the death of the deceased debtor which should have been credited upon the claim, evidence that claimants intestate owned other land adjoining and that the rents received were from these lands, was admissible as was the deed showing title to these lands in claimants' intestate.

4. *Evidence; Opinion.*—As to whether or not the personal property of a decedent is sufficient to pay his debts is not a matter to be shown by opinion evidence.

5. *Administrator; Sale of Lands to Pay Debts; Proof.*—In proceedings by an administratrix to sell lands to pay the debts of the estate it is not necessary that the proof of the debt should be made by deposition.

APPEAL from Clarke Probate Court.

Heard before Hon. CLAYTON FOSCUE.

Proceedings by E. H. Hunt, as administratrix of the estate of James L. England for the sale of land for the payment of debts, to which A. B. Curtis and others filed objections. From a decree dismissing the petition, the petitioner appeals. Reversed and remanded.

Petition to sell lands to pay debts, filed by, the administratrix. The heirs contest. The exceptions to the in-

troduction of evidence sufficiently appear in the opinion.
Upon the death of England, E. H. Hunt was appointed
administratrix and qualified as such. Letters issued on
April 30, 1905. On the 7th day of September, 1905,
Eunice H. Hunt and Sabina Vaughn filed in the office
of the judge of probate of Clarke county an account due
from England to Mrs. Hutchinson, and the same was
duly verified and docketed and filed. It was filed by
these parties as the only heirs at law of Mrs. Hutchin-
son, who was without administration as far as is shown
by the record. Decree denying sale.

WILLIAM J. JOHNSON, for appellant.—The court erred
in excluding the deed showing title in inestate to a half-
interest in the land.—Section 186, Code 1896. The ab-
sence of the initial letter G was unimportant.—16 A. &
E. Ency. of Law, 114. The presumption is that the per-
son was indentical in the application and in the deed.—
*Garrett v. The State,* 78 Ala. 18; *Woods v. The State,*
113 Ala. 155. The court erred in excluding the claim
filed by the heirs at law of Mrs. Hutchinson. It was
properly verified.—Sections 129 and 133, Code 1896; 3
Mayf. 652. A claim may be presented either by the ad-
ministrator or any of the heirs entitled to distribution.
—58 Ala. 35.

MILLER & BONNER, and WILSON & ALDRIDGE, for ap-
pellee.—There was no proof as to which of the heirs was
a married woman. This is jurisdictional.—*Daughdrill
v. Poole,* 129 Ala. 208. The claim for which the sale is
sought was not properly presented.—*Jones v. Peebles,*
130 Ala. 269; *Woods v. Crosby,* 76 Ala. 557. The lands
were not described with sufficient certainty.—*Korne-
gay v. Mayer,* 135 Ala. 144. There was no proof that
the personal property was sufficient to pay the debts.—
*Quarles v. Campbell,* 72 Ala. 64.

TYSON, C. J.—This appeal is from a decree dismissing a petition, exhibited by the administratrix ·of the estate of England, to sell the lands belonging to said estate for the payment of debts. On the trial the deed, offered for the purpose of showing title in the intestate to an undivided half-interest in the lands at the time of his death, which lands are sought to be sold, was excluded on the objection of the contestants. In this there was error. The deed was clearly competent for the purpose for which it was offered.—Section 186, Code 1896. Nor was it objectionable on account of the description of the land, which is clearly not void for uncertainty.

In the petition the name of England, the intestate, is given as "James L. G.," while in the deed the name is "James L." England; the letter "G." being omitted. The law does not recognize the omitted letter as being a part of the name.—*Edmundson v. State,* 17 Ala. 179, 52 Am. Dec. 169; *Pace v. State,* 69 Ala. 231, 44 Am. Rep. 513; *Woods v. State,* 133 Ala. 162, 31 South. 984. Identity of name is presumptive of identity of person. In the absence of evidence showing that James England, the intestate, was not the person named in the deed, it must be presumed that he was. But, independently of this, the testimony identified him as being one of the grantees in the deed.

The trial judge excluded the claim filed in his office by the heirs at law of Mrs. Hutchinson, deceased, against the estate of England, showing an indebtedness by England to Mrs. Hutchinson of $1,897.40. The claim was properly verified, and was not objectionable, unless it can be held that it was not legally filed by a person authorized under the law to do so. It appears from the decree that it was on this account that the ruling was made. In this there was also error. It will not be doubted that it was incumbent upon the administratrix

to establish that there were valid existing debts against the estate. To this end, therefore, it was necessary to show that the claim for such debts had been properly presented by some person authorized to present it. It has been uniformly held by this court that any person having an interest in the claim, either legal or equitable, may make the presentation as required by the statute of nonclaim.—Section 3130, Code 1896; *Cook v. Davis,* 12 Ala. 551; *McDowell v. Jones,* 58 Ala. 25, 35. In the case last cited, while the court held that the person who presented the claim was without authority to do so, because his appointment as administrator was void, still it says: "If that appointment had been valid, the presentment of the claim could have been made by him, as it could also have been made by any of the legatees entitled to distribution." This is a clear recognition of the right of the heir, who has, as has a legatee, an equitable interest in the personal assets of the estate, to make the presentation. That the heir at law has an equitable interest in such assets is also well settled.—*Wood v. Cosby,* 76 Ala. 559; *Teal v. Chancellor,* 117 Ala. 612, 23 South. 651.

In view of the testimony offered by contestants, that Mrs. Hutchinson had received rent cotton from these lands prior to England's death that should have been credited upon the debt presented against the estate, it was entirely competent for the administratrix to show that Mrs. Hutchinson owned lands adjoining, and that the rents received by her were from those lands, and not from them. In support of her right to show this, it was proper to admit the deed to those lands.

Witnesses should not be permitted to give their opinions as to whether the personal property is sufficient to pay debts, but should depose to facts, and the court should draw the conclusion.—*Miller v. Mayor,* 124

Ala. 434, 26 South. 892. The trial court's ruling on this point was correct.

On the authority of *Poole v. Daughdrill*, 129 Ala. 209, 30 South. 579, the administratrix is not required to prove the existence of debts by depositions of witnesses, but may do so by oral examination of the witnesses. Of course, the value of the personal property must be established by proof of disinterested witnesses taken by depositions.

For the errors pointed out, the decree must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.