# Curtis, *et al.* *v.* Hunt.

*Application to Sell Land for the Payment of Debt.*

(Decided Jan. 14, 1909. 48 South. 598.)

1. *Appeal and Error; Time for Taking; Probate Proceedings.*— Subdivision 6, of section 458, Code 1896, has reference only to the decree or orders in a proceeding looking to the adjudication of the insolvency of the estates, and the reference therein to the allowance of claims in insolvency proceedings means contest of claims in accordance with section 313, Code 1896; hence, said section and subdivision does not apply as to the time of taking appeal to an application by personal representative for the sale of real estate to pay the debts of decedent where the issue of insolvency is negatived.

2. *Executors and Administrators; Sales to Pay Debts; Petition.*— The jurisdictional averments of a petition by an administrator for the sale of lands to pay the debts of decedent are that there are debts to be paid and that the personal estate is insufficient for that purpose; and hence, the failure of petition to state which of the heirs or devisees were married women, cannot affect the jurisdiction of the court, even if it may be said to be a defect.

3. *Same; Proof of Debt.*—In the absence of objection to selling all the land when a part would be enough, it is immaterial whether there are any other debts, where the undisputed facts are that the decedents owed $70, and that the personal assets of the estate were worth only $20; so that if any error intervened as to the ruling as to validity of other debts, it was harmless.

4. *Same; Evidence.*—It appearing that all parties interested were adults, and presumably of sound mind, the grounding of the order of sale upon the testimony of the administratrix was a mere irregu-

larity not rendering the order void or revisable, where there was no objection to her competency as a witness, although she might not be a disinterested witness as to the value of the personal property within the meaning of sections 164 and 167, Code 1896, since she is as to its character and identity.

5. *Evidence; Statement of Fact.*—The statement by a witness that he knew that the decedent owned at his death a cow and calf, and that he did not know of any other personal property owned by decedent, is the statement of a fact and not a conclusion.

6. *Evidence; Opinion; Value.*—Testimony as to the value of property can only be a matter of opinion.

7. *Evidence; Sales to Pay Debts; Personal Property.*—An order to sell real estate for the payment of debts founded upon positive testimony that the decedent owned only a cow and calf at the time of his death, will not be disturbed upon testimony merely tending to show that intestate enjoyed a good income, and was of frugal habits.

APPEAL from Clarke Probate Court.

Heard before Hon. CLAYTON FOSCUE.

Petition by Eunice H. Hunt, administratrix of the estate of James L. England, deceased, for the sale of his real estate to pay debts of his estate. From a decree ordering a sale of the land, A. B. Curtis and the other heirs appeal. Affirmed.

J. M. BONNER, and WILSON & ALDRIDGE, for appellant. The petition did not give jurisdiction as it failed to state that Fannie Evans was a married woman.—*Poole v. Daughdrill*, 129 Ala. 212; Sec. 158, Code 1896. The evidence was not sufficient to authorize the sale.— *Quarles v. Campbell*, 72 Ala. 64. A personal representative is an interested witness.—*Goodwyn v. Harrison*, 6 Ala. 438; *Davis v. Tarver*, 65 Ala. 98. The court erred in excluding the evidence of the witness Bettis as to rents received.—*Kornegay v. Mayer*, 135 Ala. 141; *Warren v. Hearn*, 82 Ala. 554. The court should have admitted evidence as to the mental condition of England.— *Ragland v. The State*, 125 Ala. 27. The testimony of the witness Baugh as to any trades of England, was competent.—*In re Carmichael*, 36 Ala. 514. The appeal

was properly taken, as the insolvency of the estate is not in question.—*Thornton v. Moore,* 61 Ala. 247; *McBroom v. McBroom,* 19 Ala. 173.

JOHNSON & JOHNSON, for appellee. The appeal should be dismissed because not taken within thirty days from the allowance of the claim.—Sec. 458, Code 1896; 135 Ala. 598; 105 Ala. 334. It was not necessary to allege whether the woman was a married woman or not.—Sec. 159, Code 1896. Counsel discuss other assignments of error with citation of authority, but it is not deemed necessary to here set them out.

McCLELLAN, J.—This appeal arises from an order entered for the sale of real estate, upon application of personal representatives, to pay debts of the estate of the decedent. Motion to dismiss the appeal is made by appellee upon the ground that the appeal was not effected in 30 days, as required by section 458, subd. 6, Code 1896. That subdivision, so far as necessary to quote, reads: "Upon any issue as to the insolvency of an estate, and upon any issue as to any allowance of any claim against insolvent estates, in which cases the appeal must be taken within thirty days after the determination of such issue." The proceeding at hand itself negatives the existence of any issue of insolvency, as stated in the quoted subdivision. That subdivision has reference only to decrees or orders in a proceeding looking to the adjudication of the insolvency of estates; and the allusion in the subdivision to the allowance of claims in insolvency proceedings has reference to contests of claims in accordance with section 313, Code 1896. The motion to dismiss the appeal is denied.

The jurisdictional averments in an application by a personal representative to sell lands of the decedent to pay debts are "that there are debts of the intestate to

be paid and that the personal estate which he left is insufficient to pay them."—*Garner v. Toney,* 107 Ala. 352, 18 South. 161, and authorities therein cited. Accordingly the omission from the application of an averment stating which of the heirs or devisees were married women did not affect the jurisdiction of the probate court in the premises, if, indeed, it rendered the application defective (see *Poole v. Daughdrill,* 129 Ala. 208, 30 South. 579), an inquity not raised on this record.

Included in the list of debts of the intestate, presented for payment by Mrs. Hunt and Mrs. Vaughan as the only heirs of Mrs. Hutchinson, deceased, who, it is alleged and proven without dispute, paid them, was one to Rr. Evans for medical attention to decedent, amounting to about $48, and one to Gunn for coffin, amounting to about $22, aggregating upwards of $70. There can be no question of the liability of the estate of the decedent to reimburse Mrs. Hunt and Mrs. Vaughan for these debts so paid by Mrs. Hutchinson. Another item of alleged indebtedness, embraced in the presented claim of Mrs. Hunt and Mrs. Vaughan, is a note for $1,500, alleged to have been executed by decedent to Mrs. Hutchinson some years. Against this item the appellants directed their resistence as being a true item of charge on the estate of decedent; and the grounds of this insistence were stated to be that the decedent was at the time the note was executed mentally incapable of contracting, that the note had been paid, and that there was no consideration for it. The major portion of the errors assigned are predicated upon rulings below in the admission or exclusion of proposed evidence bearing on these issues affecting the validity of the note as a charge on the estate and on the allowance or disallowance of interrogatories seeking testimony touching such issues.

6—8

If the personal assets of the estate of decedent are only of a value of $20, and the debts, aside from the note mentioned, are at least $70, it is obvious that the controversy in respect of the validity of the note as a charge against the estate is, in the absence (as is the case here) of any objection to the propriety of a sale of all the land, when a comparatively small quantity thereof would have sufficed to pay the debts mentioned (*Miller v. Mayer,* 124 Ala. 437, 26 South. 892), wholly immaterial in the present proceeding, for the reason that the personal assets of the estate are insufficient to pay the debts, even when unenhanced, in the aggregate, by the amount of the note. If so, whatever errors (if any) intervened with reference to the issues raised against the note were harmless to appellants, since an order of sale might have been entered upon such state of proof, notwithstanding the note was not a valid charge against the estate. So we pretermit entirely consideration of the questions involved in the contest of the note as an element of indebtedness against the estate.

The indebtedness being at least $70, the only point of controversy important, in our view of the case, is the value of the personal assets, including what such assets were. The decree of sale appealed from rests the finding of the fact, viz., the insufficiency of the personal assets to pay the debts of the estate, upon the testimony of Eliza Borum, James McDonald, Mike Morgan, Preston Slater, and Mrs. E. H. Hunt. Mrs. Hunt was the administratrix of the estate, and was hence not a disinterested witness, within the meaning of sections 164 and 167 of the Code of 1896.—*Stevenson v. Murray,* 87 Ala. 442, 6 South. 301. But to her competency as a witness in the proceeding no objection was made by the contestants on the hearing, nor, of course, is there any error assigned upon such competency of the personal representative to

testify in the premises. We have considered whether the effect of accepting, and grounding the decree of sale upon testimony of the personal representative, was to render the decree reversible, there being no objection to the competency of the witness or assignment of error taking the point. That, in default of seasonable objection to the witness' competency, a mere irregularity resulted seems to have been, in principle, decided in *Thompson v. Boswell,* 97 Ala. 570, 12 South. 809. Such would not, of course, be the case, were minors or persons of unsound mind or unknown parties interested in the estate.—*Stevenson v. Murray, supra.*

It affirmatively appears here that all parties in interest are adult and are known, and presumably are of sound minds. Hence, the condemnation for nonobservance of the requirements of Code 1896, §§ 164, 167, does not apply. This quotation from *Thompson v. Boswell, supra,* may be here aptly made: "Moreover, where the interests of minors [and, we may add, persons of unsound mind or unknown parties in interest] are not involved, a sale ordered upon a petition stating the jurisdictional facts would not be absolutely void, though no proof of the necessity therefor were made in the probate court." Of course, on appeal, properly presenting the matter for reveiw, reversal would result from the nonobservance of the statutory requirements for proof of the essential facts in such proceeding as the sale of lands to pay debts of the estate. In *Alford v. Alford,* 96 Ala. 387, 388, 11 South. 317, treating the statutes in question, it was said: "Debts being proved by evidence not rendered incompetent by other provisions of law, the further fact that the personal property of the estate is insufficient for the payment of such debts must be proved by the depositions of disinterested witnesses. The object of the stat-

ute is to require very satisfactory proof of the salable value of the personal property, so as to show the necessity of resorting to the land of the decedent for the payment of his debts."

From the interpretation of the statutes in hand it necessarily results that the personal representative is a disinterested witness in respect of the character and identity of the personal property of the estate, but that he is not such disinterested witness upon the question of value of that property. This is rational. The personal representative is presumably, from the duty made his by statute, best favored to know the personal property belonging to the estate. He is required to make out and file in the probate court an inventory thereof, in keeping with his duty to ascertain and collect the assets of the estate.—*Miller v. Miller,* 124 Ala. 434, 26 South. 892, holds that a creditor is a disinterested witness, in a proceeding to sell lands, within the provisions of Code 1896, §§ 164, 167. Upon the filing of a proper petition by a personal representative to sell lands for the payment of debts of the estate a proceeding in rem is instituted; and, when parties in interest appear and contest the application, the proceeding takes on the added quality of a proceeding in personam.—*Davis v. Tarver,* 65 Ala. 98.

In view of the foregoing considerations, it must result, we think, that the failure to object to the competency of the administratrix to testify as to the value of the personal property of the estate operated a waiver thereof. There is, hence, on this record, no reversible error presented on that score.

The witness McDonald, it appears from his deposition taken on interrogatories, testified: "I know that Jas. L. E. England owned at the time of his death one cow and calf, and do not know of any other personal property owned by him. * * * In my judgment the per-

[Curtis, et al. v. Hunt.]

sonal property owned by said England at the time he died was not worth more than $20." The court, on motion to that end, declined to exclude these answers. The ruling was proper. Every statement, except that of his opinion of value, which is always and can only be matter of opinion, is of fact, and not an opinion or conclusion. Neither the opinion in this case on former appeal (151 Ala. 507, 44 South. 54, 56) nor *Quarles v. Campbell*, 72 Ala. 64, deal with similar answers. The former opinion in this case predicated its rulings upon an opinion given in reference to the sufficiency of the personal assets to pay the debts. —*Quarles v. Campbell, supra,* is to like effect. The witness here asserted facts, and not opinion, as appears from the quoted answers.

There was abundant testimony, from the witnesses named in the decree, to support the court's finding of facts. But additional personal assets were undertaken to be shown by way of testimony tending to prove a large income to intestate and his frugal habits, and that this income, including rents and crops from lands owned by intestate, were received and appropriated by Mrs. Hutchinson duing intestate's lifetime. Such testimony could be, on the issue, only negative in character, and against the positivee testimony from other witnesses, besides the personal representive, of the existence of only a cow and a calf as personal assets, such negative testimony cannot prevail.

It was not contended that the personal representative received any of the income of the intestate during his lifetime; but the effort was directed to tracing into the hands of Mrs. Hutchinson, deceased at the time of the hearing, income and crops, by mere proof that intestate had an income,etc., and that she appropriated them. However frugal intestate's habits may have been, we cannot, on this alone; reverse the finding below upon the

idea that such testimony shows personal assets addition-
al to the cow and calf mentioned. To induce the action
indicated, to in effect cancel debts and also directly en-
hance personal assets, testimony of a more satisfactory
character, more certain in designation of assets unreduc-
ed to possession by the personal representive, must be
presented, in order to overcome positive testimony to
the contrary.

There is no prejudicial error in the record, and the de-
cree of sale is affirmed.

Affirmed.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, and
DENSON, JJ., concur.