SCHWARTZ, Judge.
The plaintiff-appellant seeks reversal of a judgment entered on a directed verdict in favor of the defendant-appellees in an action for fraud and misrepresentation in the sale of a car wash. We affirm.
In September of 1974, Richard Frieman and Alan Brill (buyers), on behalf of the appellant, commenced negotiations for this transaction with William Shapiro (seller), sole owner of Gulf stream Car Wash. The seller provided the buyers with a financial statement listing the actual monthly gross profits and expenses in the overall operation for a period commencing March 18, 1974 through August 31, 1974. The seller also provided similar figures for September 1974 through November 8, 1974, the date of the closing. Those figures, however, were represented as “projected” rather than actual figures. Prior to the closing, the seller apprised the buyers that the actual profits for the projected period were better than had been anticipated.
The buyers were knowledgeable and experienced in the operation of car washes. They had an opportunity to visit and observe the business in operation prior to the. date of the closing. They also had an opportunity to scrutinize the financial documents submitted to them by the seller and were afforded the full opportunity to verify the figures against the daily cash register tapes. The gross profits represented on the financial data sheet consisted of a summation of the separate components of the car wash operation.
At the trial, the financial documents were admitted into evidence. They were not shown by the buyers to be incorrect, inaccurate or misstated. The buyers testified that they relied upon the financial data submitted to them in the purchase of the car wash. The buyers’ testimony indicated that after they assumed management and operation of the business there was an appreciable decline in operating revenues as compared to those which had been formerly received.
The buyers further introduced the U.S. Small Business Corporation Income Tax Re *123 turn (Form 1120-F) made and executed by the seller for the comparable period reflected in the financial data submitted by the seller prior to closing. A certified public accountant was permitted to testify and interpret the interrelationship of the two documents for the benefit of the jury. This expert testified that a discrepancy existed between the documents to the extent that the financial data submitted by the seller at the time of the closing showed an overstatement of gross profits in the amount of $18,963 as compared to those reported on the tax return. No further effort was made by the buyers at trial to show that any of the information provided on the tax return was incorrect, inaccurate or misstated.
At the close of the plaintiff’s case, with no further evidence as to the accuracy or inaccuracy of the financial data given to the buyers at the time of the closing, the trial judge directed a verdict in favor of the seller. The buyers claim error in this ruling. We disagree.
The ultimate issue in the case was whether the pre-sale profits of the car wash were in fact what the seller represented them to be, or were, as the plaintiff contended, substantially less than that. On this question all the direct evidence in the case — that is, the seller’s contemporaneously prepared financial records and the actual cash register tapes, all of which were examined by the knowledgeable purchasers before the closing and all of which were introduced by the plaintiff itself — established the accuracy of the seller’s figures. There was no specific evidence whatever to the contrary — no testimony, for example, that the books or the tapes had been inflated or that fewer receipts or more expenses had actually been involved in the operation. In support of its position to the contrary, the plaintiff-buyer introduced below and relies here on a single piece of evidence— the fact that the seller had reported less profits on its income tax return. We cannot accept the argument that this was sufficient to create a jury question.
It is apparent that the profits figure stated in the tax return bears only circumstantially on the actual issue in the case, which is what the profits really were. The plaintiff argues the “reasonable inference” that the reduced amount of profits which were reported to the IRS was the amount which the seller in fact earned during the disputed period. It is, however, sad but undoubtedly true that the contents of a tax return do not always accurately reflect the full extent of a taxpayer’s actual liability and may be motivated simply by a desire to save taxes. It is a well-settled principle that a fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819 (1933); Kuykendall v. United Gas Pipe Line Co., 208 F.2d 921 (5th Cir. 1953); Curtis v. Hunt, 158 Ala. 78, 48 So. 598 (1909); Neill v. Hill, 32 Ga.App. 381, 123 S.E. 30 (1924); Bulatao v. Kauai Motors, Ltd., 49 Hawaii 1, 406 P.2d 887 (1965); Louisville R. Co. v. Potter, 175 Ky. 258, 194 S.W. 308 (1917); Mooney v. Mooney, 244 Mo. 372, 148 S.W. 896 (1912); Williams v. Ford, 233 S.C. 304, 104 S.E.2d 378 (1958); Cleveland Wrecking Co. v. Butler, 57 Tenn. App. 570, 421 S.W.2d 380 (1967); Esso Standard Oil Co. v. Stewart, 190 Va. 949, 59 S.E.2d 67 (1950); Tisthammer v. Union Pacific R. Co., 41 Wyo. 382, 286 P. 377 (1930). See 23 C.J. Evidence § 1792, n.54 (1921); 32A C.J.S. Evidence § 1039, n.26 (1964); 30 Am.Jur.2d Evidence § 1091, n.20 (1967). Since, at the least, that less is rt Tied on a tax return is entirely consistent with a conclusion that more was in fact earned, we find this rule directly applicable to the case at bar.[1]
Affirmed.

. Since there was direct evidence to the contrary of the circumstantial inference that plaintiff seeks to draw from the tax return, we need not determine whether the return, standing alone, would be sufficient to preclude a directed verdict. That is, it is unnecessary to decide whether we are sufficiently cynical to believe that it is just as likely that income is under-re *124 ported in a tax return as it is that it is accurately stated. Such a conclusion would invoke the rule that circumstantial evidence is insufficient to create a jury question when it is susceptible of two equally reasonable inferences, so that it is a matter of speculation and conjecture as to which inference is accurate. City of Jacksonville v. Waldrep, 63 So.2d 768 (Fla.1953); Fireman’s Fund Indemnity Co. v. Perry, 149 Fla. 410, 5 So.2d 862 (1942); Stigletts v. McDonald, 135 Fla. 385, 186 So. 233 (1938). See Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961); Winn-Dixie Stores, Inc. v. Manning, 143 So.2d 339 (Fla.2d DCA 1962). See also Pennsylvania R. Co. v. Chamberlain, supra.