PER CURIAM.
This case involves an action brought by August Paniello, the son-in-law of Santo Trafficante, based upon a document entitled “Trust Acknowledgment” which Traf- *627 ficante received for introducing appellee Oakley G. Smith to another individual in order to facilitate a mortgage loan to build a hospital'. The “Trust Acknowledgment” document which Trafficante received in 1965 provided, in pertinent part, that:
Oakley G. Smith, is holding in trust, for the benefit of_150 shares of stock of the total authorized shares of Brusa Corp. — A Fla. Corp. That said 150 shares of stock ... constitutes a 25% interest in the said Corporation. That the said shall receive 25% of the net profits of the said Corporation.
In 1988, Paniello presented the “Trust Acknowledgment” document to Smith and demanded 25% of the hospital’s past profits and an accounting. Smith refused, and Paniello brought this action. In his defense, Smith testified that the “Trust Acknowledgment” had been redeemed in exchange for a cash payment made to Traffi-cante in 1966. Smith further testified that, although full payment was made to Traffi-cante on the “Trust Acknowledgment”, Trafficante did not return the document to Smith at the time because Trafficante had recently moved his residence and claimed that he could not find the document. According to Smith, Trafficante told Smith that he would return the document, as soon as it was located, and Smith agreed because Trafficante had a reputation that his word was his bond, and that his promises would be honored. Obviously, it is of great significance to the result reached herein to note that Smith ⅛ direct and positive testimony, which established that Trafficante had been completely repaid and, further, explained why the “Trust Acknowledgment” had not been returned by Traffi-cante to Smith, is totally uncontradicted. Neither Paniello nor anyone else offered any evidence that, in any way, could be construed as conflicting with Smith’s testimony. The fact that Paniello currently possesses the “Trust Acknowledgment” is not inconsistent with Smith’s testimony regarding that document.
The trial court dismissed various counts in Paniello’s amended complaint and entered an adverse final summary judgment on the remaining counts, finding that the claim was barred by laches, the statute of limitations, and illegality under Florida’s mortgage brokerage statute. However, because Paniello had the “Trust Acknowledgment” document in his physical possession, the trial court denied summary judgment on the repayment issue holding that an issue of fact was created, despite Smith’s direct and positive testimony that full payment had been made.
First, no matter how the document is characterized, whether as a true trust agreement or, as argued, merely collateral for money owed by Smith, there was direct, positive, and affirmative evidence offered by Smith in the form of his own uncontroverted and undisputed testimony to the effect that repayment was made. Thus, despite the fact that Paniello had physical possession of the “Trust Acknowledgment”, Smith’s testimony clearly established that any money that may have been owed under the terms of the document had been paid, and that the only reason that the document was not returned was because Trafficante stated that he had lost or misplaced the document. As we stated in Alan & Alan, Inc. v. Gulfstream Car Wash, Inc., 385 So.2d 121 (Fla. 3d DCA 1980):
It is a well-settled principle that a fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819 (1933); Kuykendall v. United Gas Pipe Line Co., 208 F.2d 921 (5th Cir.1953); Curtis v. Hunt, 158 Ala. 78, 48 So. 598 (1909); Neill v. Hill, 32 Ga.App. 381, 123 S.E. 30 (1924); Bulatao v. Kauai Motors, Ltd., 49 Hawaii 1, 406 P.2d 887 (1965); Louisville R. Co. v. Potter, 175 Ky. 258, 194 S.W. 308 (1917); Mooney v. Mooney, 244 Mo. 372, 148 S.W. 896 (1912); Williams v. Ford, 233 S.C. 304, 104 S.E.2d 378 (1958); Cleveland Wrecking Co. v. Butler, 57 Tenn. App. 570, 421 S.W.2d 380 (1967); Esso Standard Oil Co. v. Stewart, 190 Va. 949, 59 S.E.2d 67 (1950); Tisthammer v. *628 Union Pacific R. Co., 41 Wyo. 382, 286 P. 377 (1930). See 23 C.J. Evidence § 1792, n. 54 (1921); 32A C.J.S. Evidence § 1039, n. 26 (1964); 30 Am.Jur.2d Evidence § 1091, n. 20 (1967).
See also, Child v. Child, 474 So.2d 299 (Fla. 3d DCA 1985) (contrary and conclusive direct evidence overcomes circumstantial evidence) review denied, 484 So.2d 7 (Fla.1986).
Here, any inference created by Paniello’s possession of the document is clearly overcome and refuted by the direct, positive, and uncontradicted evidence of payment that is contained in Smith’s testimony.
For the foregoing reasons, we find that the trial court erred in accepting Paniello’s argument relating to his possession of the document and, consequently, denying Smith’s motion for summary judgment on the repayment issue. Accordingly, the denial of Smith’s Motion for Summary Judgment on the repayment issue is reversed and remanded with instructions to the trial court to grant Smith’s motion for summary judgment on the repayment issue. We affirm all of the remaining summary judgments and orders entered by the trial court in all respects.
Affirmed in part; reversed in part and remanded with directions.
NESBITT and LEVY, JJ., concur.