SCHWARTZ, Senior Judge
(dissenting).
I do not believe the evidence is sufficient to demonstrate an indispensible element of a retaliation claim: that is, that the decision makers actually knew of the employee’s complaint so that their adverse action could have been causally related to that protected activity. See Gibbons v. State Pub. Emps. Relations Comm’n, 702 So.2d 536, 537 (Fla. 2d DCA 1997) (“The plaintiff, at a minimum, must establish that the employer was aware of the protected expression when it took the adverse employment action.”); see also Johnson v. State of Florida, Dep’t of Elder Affairs, 2010 WL 1328995, *2 (N.D.Fla.2010) (“A court will not presume that a decisionmaker was motivated to retaliate by something unknown to him or her.”); Brown v. Sybase, Inc., 287 F.Supp.2d 1330, 1347 (S.D.Fla.2003).
In this regard, it is undisputed that (a) Eghbal never told any of the three panel members, either specifically or impliedly, that he had made such a complaint and (b) two of the three stated, in unimpeached and uncontradicted testimony, that they were not aware of it. We have previously held that mere circumstantial evidence cannot overcome uncontradicted direct evidence to the contrary. See Alan & Alan, Inc. v. Gulfstream Car Wash, Inc., 385 So.2d 121, 123 (Fla. 3d DCA 1980) (“[A] fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist.”). This rule is applicable in spades to this case in which the only even circumstantial evidence to which Eghbal and the majority can point approaches if it does not reach the non-existent:
1. The panelist’s note that Eghbal considered himself “unfairly treated” by the County is a wildly uncertain observation which does not speak to the existence of a prior complaint at all and indeed more clearly referred to the claim of age discrimination which he had insisted upon but was rejected by the jury.
2. Eghbal’s statement that “when something happens like this, my case, it spreads around immediately in the County ... [a]nd almost everybody knows about it” is likewise too speculative to warrant any consideration. Simply put, a statement that everyone must know something is no evidence that anyone in particular actually does. See Morris v. New York Dep’t of Correctional Servs., No. 91-CV-634, 1995 WL 21647, at 9-10 (N.D.N.Y.Jan.17, 1995) (claim that plaintiffs support of co-worker’s discrimination claim was “common knowledge” insuffi- *528 dent to prove defendant’s knowledge of protected activity); Long v. AT & T Information Systems, Inc., 733 F.Supp. 188, 205, 205 (S.D.N.Y.1990) (claim that retaliating employees knew of protected activity from “familiarity with office gossip” insufficient to create an issue of fact as to their knowledge); Hayden v. Atlanta Newspapers, 534 F.Supp. 1166 (N.D.Ga.1982) (summary judgment granted where plaintiff merely alleged that it was logical to assume that person who took adverse action had knowledge of protected activity); see generally Russell v. KSL Hotel Corp., 887 So.2d 372, 379 (Fla. 3d DCA 2004) (“the plaintiff must show a defendant’s awareness with more evidence than mere curious timing coupled with speculative possibilities”).
These items, taken individually or collectively, did not justify the verdict and judgment below. See Alan & Alan, Inc., 385 So.2d at 123.