# Landman, Halsey & Co. v. Bloomer, Wolf & Michael.

## *Action for Goods Sold and Delivered,*

1. *General objection to evidence; when properly overruled.*—A general objection to the introduction of evidence, which is *prima facie* admissible, is properly overruled, even though such evidence may have been subject to some specific ground of objection, or should have been limited in its effect.

2. *Action for price of goods sold; admissibility of evidence as to rules regarding warranty.*—In an action brought to recover the price of goods sold and delivered, where the defendant claims a breach of warranty and by a special plea seeks to set off against the demand of the plaintiff the value of certain goods of the same character previously bought from the plaintiff and which were spoiled, and one of the plaintiffs as a witness testifies, without objection, that plaintiffs warranted their goods for thirty days after the date of the invoice, which was the general rule in the trade throughout the United States, a general objection to the admission of a copy of the plaintiffs' printed rules, which witness testified was usually attached to invoices sent to purchasers, and one of which provided that the plain-

[Landman, Halsey & Co. v. Bloomer, Wolf & Michael.]

tiffs' guaranteed their goods for thirty days after invoice, is properly overruled; no objection having been made to the answer of the witness as to the existence of the rule, the printed rule itself, even though otherwise incompetent, being admissible to corroborate the answer, in connection with the other testimony of the witness.

3. *Same; admissibility of custom and usage as to warranty of goods sold.*—In an action brought to recover the price of goods sold and delivered, where the defendant claims a breach of warranty and by a special plea seeks to set off against the demand of the plaintiff the value of certain goods of the same character previously bought from the plaintiff and which were spoiled, and the evidence for the plaintiff tended to show that the general usage among dealers in like products was to warrant their goods for thirty days, it is competent for the defendant to show a like usage to warrant such goods for twelve months.

4. *Same; sufficiency of evidence of express warranty; charge to the jury.*—In an action brought to recover the price of goods sold and delivered, where the defendant claims a breach of warranty, and by special plea seeks to set off against the demand of the plaintiff the value of certain goods of the same character previously bought from the plaintiff and which were spoiled, and the evidence shows that the defendants had no knowledge of the rules of the plaintiffs with respect to the warranty of their goods, and fails to show any express warranty to the defendants as to the goods which were spoiled, and the plaintiffs' printed rules, which were introduced in evidence, were the only evidence of express warranty, charges which instruct the jury that if the evidence does not show that the rules of the plaintiffs came to the knowledge of the defendant, then there was no express warranty, and the defendants can not rely upon an express warranty, assert correct propositions, and are properly given.

5. *Sale of goods; warranty; burden of proof upon person claiming breach thereof.*—Where goods are sold with a warranty, and the terms of the warranty require that they should be treated in a certain manner, if the purchaser claims a breach of the warranty, the burden is upon him to show that he complied with the conditions of the terms of the warranty in the way in which the goods were treated by him; and a charge which so instructs the jury is correct and should be given.

6. *Action for price of goods sold; breach of warranty; measure of damages.* In an action brought to recover the price of goods sold and delivered, where the defendant claims a breach of warranty, and by a special plea seeks to set off against the demand of the plaintiff the value of certain goods of the same character previously bought from the plaintiff and which were spoiled, and the evidence showed that the goods, for the spoiling of which the defendant claims a set off were valueless, a charge which instructs the jury that if the evidence fails to show the difference between the actual value of the goods spoiled, and the value thereof if they had conformed to the warranty, the jury

must find for the plaintiff, is erroneous; since the goods being worthless, their invoice price was the measure of damages to which the defendant would have been entitled if he was entitled to any damages.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellees against the appellants, to recover the price of certain hams sold to the defendants on July 31st, 1889. The defendants pleaded that they did not owe the amount due, and by special pleas of set off offered to set off against the claims of the plaintiffs a claim they, the defendants, had against the plaintiffs for a certain quantity of hams which they had bought from them and which were spoiled, and for which they paid two hundred dollars. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the request of the plaintiffs, gave to the jury the following written charges : (1.) "If the evidence does not show that the rules of the plaintiffs as to warranty of goods came to the defendants' knowledge, then the defendants can not rely on any express warranty." (2.) "If the jury believe that the hams were sold to the defendants with a warranty, and the terms of the warranty required the hams to be hung in a cool, dry place, the burden of proof is on the defendants to show that this condition was complied with." (3.) "If the evidence does not show the difference between the actual value of the meat and the value had it conformed to the warranty, they must find for the plaintiffs." (4.) "The printed circular offered in evidence is the only evidence of express warranty in this case, and if the jury find that it did not come to defendants' knowledge they must find that there was no express warranty at all." The defendants separately excepted to the giving of each of these charges.

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the rulings of the court upon the evidence, and the giving of the charges requested by the plaintiffs.

SHELBY & PLEASANTS, for appellants.—There can be no question that the claim sought to be set off by defendants' claim is a proper subject of set off.—*Johnson v. Aldridge*, 93 Ala. 77 ; *Snow v. Shomacker Mfg. Co.*, 69 Ala. 111 ; *Collins v. Greene*, 67 Ala. 211.

[Landman, Halsey & Co. v. Bloomer, Wolf & Michael.]

It is plain law that an "implied warranty may result from the usage of a particular trade."—2 Benjamin on Sales, (4th Amer. ed.), 861, § 982; 843, § 965; 861, § 983; 865, §§ 988–989.

Custom or usage, if well established, may affect the application of the maxim of *caveat emptor*, or the doctrines of implied warranty by modifying, enlarging or restricting them.—10 Amer. & Eng. Encyc. of Law, 116, and cases cited in note 1; 130, and note 14.

The evidence in the case at bar shows that appellees were wholesale dealers in meat, and that appellants were jobbers in meats, and this was known to appellants when the hams were ordered, which were spoiled, so they were bought for use by appellants in their business as jobbers and were so furnished by appellees and such being the case there was an implied warranty that the hams were reasonably fit for the purposes to which they were to be applied, unless there was an express warranty, and there was certainly no evidence to prove that fact beyond question so as to authorize the court below to assume that there was one.—*Englehardt v. Clanton*, 83 Ala. 336; 2 Cooley's Blackstone, 164; *Van Bracklin v. Fonda*, 7 Amer. Dec. 339.

LAWRENCE COOPER, *contra*.—The office of a custom is to interpret the contract and parties are supposed to contract with reference to it.—*East Tenn., Va. & Ga. R. R. Co. v. Johnston*, 75 Ala. 576; *German-Amer. Ins. Co. v. Commercial Fire Ins. Co.*, 95 Ala. 469; *Simon v. Johnson*, 101 Ala. 368.

The record is entirely silent as to the value of the alleged hams in their damaged condition. The damages, if any, must be measured by some legal rule, by which the amount can be ascertained. The charge states the rules for the measure of damages, and there being no evidence on the point, there is no basis of damage.—*Buist v. Guice*, 96 Ala. 255; *Foster v. Rodgers*, 27 Ala. 602; *Herring v. Skaggs*, 62 Ala. 180; 28 Amer. & Eng. Encyc. of Law, 837.

BRICKELL, C. J.—Appellants, who were jobbers in meats at Huntsville, Ala., purchased, by telegram, from appellees, wholesale merchants and dealers in meats at Quincy, Illinois, 5,000 pounds of hams at 11 1-2 cents

per pound. About forty days after the receipt of the hams, and ten days after they had paid for them, appellants discovered that a large number of the hams, aggregating in value $200 at the invoiced price, were spoiled, and offered to return them to appellees, which offer being refused, and the damaged hams being valueless, they were thrown away. The loss to appellants thus incurred they sought to set off in this action brought by appellees to recover on an account for goods subsequently sold to appellants. In answer to a direct interrogatory propounded to him, J. J. Michael, a witness for plaintiffs, whose deposition was read in evidence, said: "We warrant our goods thirty days after the date of the invoice. This is the rule prevalent generally in the trade at Quincy and, so far as I know, elsewhere in the United States. I attach a copy of our printed rules marked Exhibit E, and make it a part of my deposition." Another witness for plaintiff also testified to the existence of this usage of the trade among dealers generally throughout the United States. The bill of exceptions states that plaintiffs offered in evidence section 2 of the printed rules referred to by the witness Michael, which reads: "Sec. 2. We guarantee our goods thirty days after date of invoice. Customers ordering more goods than they can reasonably sell in that length of time will be obliged to hold them at their own risk. On receiving smoked meats they must be unpacked and hung in a cool place, and if any are found unsound, they must be returned at once in good order, or they will under no circumstances be taken back by us." Defendants objected to the introduction of said printed rule, but no ground of objection was stated. The objection was overruled and the evidence admitted, and no motion to exclude it, or to limit its effect, was made at any time during the trial. No objection having been made to the answer of Michael as to the existence of this rule, the printed rule itself, even if otherwise incompetent, was admissible to corroborate the answer, and also in connection with the testimony that a copy of the rule was usually attached to invoices sent to purchasers. If it was inadmissible for any other purpose, defendant should have requested that it be limited to the purpose for which it was legally competent. It was also clearly admissible as evidence of an express warranty, which

always excludes the application of the doctrine of implied warranty, if followed up, at any time during the trial, by evidence that defendants bought with knowledge of the rule. If no such evidence was offered, then, if otherwise inadmissible, a motion should have been made to exclude it, or to limit its effect as above stated. Being *prima facie* admissible, the court did not err in overruling the general objection. In view of the fact that plaintiffs introduced evidence tending to show a general usage among dealers in products of this kind throughout the United States, to warrant their products for thirty days, it was competent for defendants to show a like usage to warrant them for twelve months, and the court erred in excluding the evidence offered tending to show such usage.

The evidence shows that defendants had no knowledge of the rule of the plaintiffs with respect to the warranty of their hams, and fails to show any express warranty. Both of the defendants testify that there was no such express warranty. Charges 1 and 4 were, therefore, properly given. Charge 2 correctly places the burden of proof with respect to compliance with the conditions of a conditional warranty. Measured by the evidence in the case it was abstract, but not a ground of reversal on that account. Charge 3 should have been refused for the reason that the evidence shows without conflict that the damaged hams were worthless and valueless, and their value in good condition, the invoice price, was therefore the measure of damages to which defendants would have been entitled, if they were entitled to any. *Krebs Mfg. Co. v. Brown*, 108 Ala. 508. The charge was so misleading as to be clearly injurious to the defendant, and should have been refused notwithstanding an explanatory charge might have been asked.

For the errors pointed out, let the judgment be reversed and the cause remanded.

Reversed and remanded.