# Hatfield *v.* Riley.

### Detine.

(Decided December 21, 1916. Rehearing denied February 15, 1917.
74 South. 380.)

1. **Appeal and Error; General Assignment of Error; Testimony of Witness.**—The general assignment of error that the court erred in admitting the evidence of a witness, there being no objection made to his testimony as a whole, and no motion being made in the court below to exclude it, did not bring up for review objections to one or two questions interposed on the examination of the witness.

2. **Appeal and Error; Review; Verdict.**—The Supreme Court will not set aside a verdict on conflicting evidence, because it does not correspond with

[Hatfield v. Riley.]

its opinion as to the weight of the evidence; the presumption being in favor of the correctness of the ruling of the trial court denying motion for new trial.

3. **Appeal and Error; Presumptions Favoring Court Below; Statute.**— Such rule of presumption has not been changed by Acts 1915, p. 722, providing that no presumption in favor of the correctness of the judgment granting or refusing new trial shall be indulged by the appellate court.

4. **Appeal and Error; Harmless Error; Conduct of Jury.**—The trial court's refusal to grant new trial on the ground that after adjournment the jury brought in a verdict for plaintiff, in the absence of counsel for defendant, which was not in proper form, and that the jury retired on the suggestion of the bailiff, and brought in a corrected verdict, was not reversible error, as it involved no question of substantial rights.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Suit in detinue by George Riley against Henry Hatfield. Judgment for the plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

W. R. BRASSELL for appellant.   L. A. SANDERSON for appellee.

GARDNER, J.—Suit in detine for the recovery of a mule, the controversy growing out of a trade between plaintiff and defendant, wherein they exchanged mules as an "even swap," and for a rescission of the contract by plaintiff, on account of the alleged unsoundness of the mule received in the trade. ·

(1) The second assignment of error reads as follows: "The court erred in admitting the evidence of W. B. Holmes." There was no objection made to the testimony of the witness as a whole, and no motion in the court below to exclude the same. Such a general assignment will not suffice to bring up for review objections to one or two questions which seem to have been interposed upon the examination of this witness. The appellant, under this assignment of error, can therefore take nothing under the established rules of this court.—*Kinnon v. L. & N. R. R. Co.*, 187 Ala. 480, 65 South. 397; *Ogburn-Griffin Co. v. Orient Ins. Co.*, 188 Ala. 218, 66 South. 434; *Craig & Co. v. Pierson Lbr. Co.*, 169 Ala. 548, 53 South. 803.

(2, 3) The remaining assignments of error seek a review of the action of the court in overruling the motion for a new trial. It is first insisted that a new trial should have been awarded, for the reason that the verdict was contrary to the

evidence. The record has been carefully examined; and while it may be conceded that the preponderance of the evidence was favorable to the defendant, yet in a case of this character, where the evidence was in conflict, the court is not called upon to set aside the verdict because it may not correspond with its opinion as to the weight of the evidence. We deem it unnecessary to discuss the testimony, but after a careful review of it we are not persuaded, under the familiar rule announced in *Cobb v. Malone*, 92 Ala. 630, 9 South. 738, that a reversal should be rested upon this action of the court. The trial court had the witness before him, and had the advantage of observing their manner and demeanor on the stand. Under the long-established rule of this court in such circumstances, the presumption is in favor of the correctness of his ruling. This rule has not been changed by recent legislative enactment.—Acts 1915, p. 722. The reasoning in the cases of *Hackett v. Cash*, 196 Ala. 403, 72 South. 52, and *Studebaker v. Finney*, 196 Ala. 422, 72 South. 54, applies to the above cited act.

(4) A new trial was asked upon the further ground that the jury in the absence of counsel for defendant, although it appears that defendant himself was present, and after adjournment of the court for that day, brought in a verdict for plaintiff, that the verdict was not in proper form, and that the bailiff directed the attention of the jury to its irregularity, with a suggestion as to the correct form, whereupon the jury retired and later brought in a corrected verdict. There was submitted evidence to the effect that counsel for the respective parties had agreed that this should be done in the event the verdict rendered was improper in form (though this was a disputed fact), and that this agreement was made in the presence of, and consented to by, the court. All of this, it clearly appears, related solely to a mere matter of form in the verdict, and involved no question of substantial rights.—*Gary v. Woodham*, 103 Ala. 421, 15 South. 840. There was clearly no reversible error in the action of the court declining to grant a new trial upon this ground.

Finding no reversible error, the judgment will be affirmed. Affirmed.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. SAYRE, J., dissents.