# Price v. Price.

### Will Contest.

(Decided February 8, 1917.   74 South. 381.)

1. **Appeal and Error; Review; Presumption in Favor of Ruling of Trial Court.**—The presumption on appeal is in favor of the correctness of the ruling of the trial court on an issue of fact.

2. **Appeal and Error; Review; Presumption in Favor of Ruling of Trial Court; Statutes.**—The rule that the presumption on appeal is in favor of the correctness of the finding of the trial court on an issue of fact has not been changed by Acts 1915, p. 722, providing that no presumption in favor of the correctness of a judgment granting or refusing new trial shall be indulged by the appellate court.

3. **Wills; Genuineness of Instrument; Sufficiency of Evidence.**—On contest of probate of a will, contestant claiming that the instrument was not in fact the last will and testament of decedent, evidence held sufficient to sustain finding for contestant.

APPEAL from Conecuh Probate Court.

Heard before Hon. F. J. DEAN.

Contest by John T. Price of the probate of the will of David Price by C. W. F. Price.   From a degree denying probate, proponent appeals.   Affirmed.

Contest of probate of the will of one David Price, deceased. The cause was tried before the probate judge without the intervention of a jury, and decree rendered to the effect that the instrument offered for probate was not in fact the last will and testament of said deceased, and probate thereof was denied. From this decree proponent appeals.

The testimony for the proponent, C. W. F. Price, a brother of the deceased, was to the effect that the alleged will was executed by David Price in the town of Brewton on Christmas Day, 1915, and that it was witnessed by R. L. Ingram and C. J. Stokes in the post office at Brewton at about the noon hour of that

day. The home of deceased was at Castleberry, a town distant about 17 miles by rail from Brewton.

The attesting witnesses each testified positively as to the execution of the will on Christmas day, and proponent and his wife testified that David Price had dinner at their house the same day. Ingram, a brother of proponent's wife, testified to signing the will as a witness, and that he had said nothing about the execution of the will to his sister or her husband until some time after the death of David Price—"two or three weeks, maybe a month." Stokes also testified that he did not mention the execution of the instrument to C. W. F. Price until after the will was found. Mrs. Price testified that she carried the deceased's clothes to her home after his death, and that when, some time in June, she went to wash them, she found the will in the watch pocket of one of the trousers, this being the first she knew of his making a will; that her brother, said Ingram, had never said a word to her about it, nor had anyone else, before she found it.

The alleged will read as follows:

"This is to certify that I am the shorter lifer, this shall be my will: C. D. Price, J. T. Price, W. T. Price, and P. B. Price, Laura Sullivan, Branch Nan Palmer and Minnah White shall receive $1.00 each. My brother C. W. F. Price is to have the balance of my money, personal property and real estate. If my brother C. W. F. Price should die before me, then this is void. This is to be my last and only will.

"D. Price.

"R. L. Ingram.
"C. J. Stokes.

"Signed in the presence of the above witnesses, this the 25th day of December, 1915."

There was evidence for the contestant, who is a nephew of the deceased, to the effect that said David Price was in Castleberry the entire day of Christmas, 1915, and was not in Brewton on that day. This was testified to by a number of witnesses, and several also testified that Ingram's general reputation for truth and veracity was bad in the neighborhood. Some of these witnesses go more or less into detail as to where they saw David Price in Castleberry on said Christmas day, and as to the hour and place he ate dinner. There was also evidence that David Price was in Brewton on the day before Christmas; but witnesses for contestant were positive that he was in Castleberry

the entire day of Christmas, 1915. There was evidence that Ingram, in a conversation after Price's death, had indicated that he knew nothing about a will having been made. There was also testimony that deceased's clothing was thoroughly searched by three persons at his home in Castleberry just after his death, and that no such paper was then in any of the pockets, each of which was "turned wrong side outwards."

The testimony showed that David Price died on April 27, 1916, and that on May 13, 1916, proponent, C. W. F. Price, filed his petition in the probate court of Conecuh county for letters of administration on his brother's estate, in which it was alleged that the deceased left no will and testament, so far as believed by the petitioner.

Contestant offered proof to statements made by the deceased after December, 1915, and a short time—a week or ten days— before his death, to the effect that he had made no will and never expected to make one.

Proponent testified that at the time he filed petition for letters of administration the will had not been found, and that he knew nothing of its existence; that his wife had found the will; that his deceased brother visited him often, and was at his house for dinner on Christmas day, 1915.

PAGE & MCMILLAN for appellant. HAMILTON & STALLWORTH for appellee.

GARDNER, J.—The foregoing statement of the case suffices for a general outline of the proof offered before the probate judge, who tried the case upon oral testimony and without the intervention of a jury. The appeal presents only a question of fact as to whether the finding of the court below on the issue of fact thus presented should be here disturbed.

(1, 2) A discussion of the testimony would serve no good purpose. Suffice it to say that it has been carefully considered. The trial court had the witnesses before him, and the advantage of observing their demeanor on the stand, and under the long-established rule of this court in such circumstances, the presumption is in favor of the correctness of his ruling. We have held that this rule has not been changed by Acts 1915, p. 722.— *Hackett v. Cash,* 196 Ala. 403, 72 South. 52; *Finney v. Studebaker,* 196 Ala. 422, 72 South. 54; *Hatfield v. Riley, infra,* 74 South. 380.

(3) Upon careful consideration of the evidence, we are not persuaded that the finding of the court below should be disturbed, and the decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.