(78 South. 890)

HUNTSVILLE KNITTING CO. v. BUTNER.
(8 Div. 22.)

(Supreme Court of Alabama. April 11, 1918. Rehearing Denied May 9, 1918.)

APPEAL AND ERROR ⬿1005(3)—REVIEW—DENIAL OF NEW TRIAL.

Denial of new trial, claimed on the ground of the verdict being against the weight of evidence, will not be disturbed on appeal; trial having been on conflicting oral testimony.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action by Mason Butner, by next friend, against the Huntsville Knitting Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 198 Ala. 528, 73 South. 907; 200 Ala. 288, 76 South. 54.

Appellee, a boy 16 years of age, sues to recover damages for injuries sustained by him while in the employ of appellant, which injuries resulted in the loss of his left arm. The machine on which appellee was injured is known as a wringer or extractor, and was used for wringing cloth or ribs in appellant's plant. The wringer consisted of a copper tub or bucket, about 36 inches in diameter, set in a framework so that the tub revolved in an iron casing, together with other descriptive parts which are set out in the record and not necessary to here enumerate. The goods are put in this tub of the wringer, in order to be wrung dry after having been washed, and the machine runs with great speed so that it flings the water out of the goods and drys them. There is a brake on this machine about 5½ feet above the floor, and over the tub. The proof discloses that it is necessary to lean over the tub to get to the brake.

Plaintiff's evidence tends to show that while he was working at this wringer, as directed to do, and attempting to stop the machine by means of the brake, that the brake, on account of its defective condition, popped

and slipped and threw him into the tub, where his arm was caught in the wringer and torn off at the elbow. The evidence for the plaintiff further tends to show that the defendant's superintendent knew of the defect in the brake.

The evidence for the defendant tends to show that while there was a flaw in the threads of the brake, of which it had notice, yet this defect did not impair the brake or prevent it from serving its purpose without causing danger. There was also evidence tending to show that the plaintiff had been seen just previous to the accident sitting on the side of the wringer with his hand in the same, and as to the danger of which he had been warned. There is other evidence with reference to statements made by plaintiff after the accident, which are at variance with his testimony on the trial.

There are several charges given at the request of the defendant, and also a number of refused charges. The trial resulted in a judgment for the plaintiff in the sum of $5,000, and motion for a new trial was denied. From this judgment, the defendant prosecutes this appeal.

This cause was submitted under rule 36, with copies of the record as prescribed by said rule.

Cooper & Cooper, of Huntsville, for appellant. R. E. Smith and S. S. Pleasants, both of Huntsville, for appellee.

GARDNER, J. This is the second appeal in this cause. Huntsville Knitting Mills v. Butner, 73 South. 907. Upon the former appeal it was held that the defendant was entitled to the affirmative charge as to counts 2 and 3. These counts rested for recovery upon averments of the youth, inexperience, and immaturity of the plaintiff—facts well known to the superintendent of the defendant company—and of the dangerous character of the work involved, together with the negligent failure on the part of the defendant, its agents, or employés, to give plaintiff warning of the danger, or instruct him as to the best methods of discharging his duties.

Upon the trial of the cause, following the reversal here, counts 2 and 3 were eliminated, and the cause submitted to the jury upon count 5 only, which sought recovery under subdivision 1 of the Employers' Liability Act (Code 1907, § 3910), as for a defect in the brake referred to in the statement of the case. The issues were therefore brought within the narrow scope as to the defective condition of the brake, and as to whether or not such defect was the proximate cause of the injury; and the defense interposed as to whether or not the accident was the result of contributory negligence on the part of the plaintiff, as discussed in the former opinion in this cause. These issues were fairly presented to the jury in the oral charge of the court, as well as embraced in written charges given at the defendant's request.

Upon this appeal numerous errors are assigned for the refusal of several charges requested by the defendant. We find nothing in any of these refused charges calling for a reversal of the cause. Each of them has been given very careful consideration by the court, and we do not deem it necessary that they be given separate treatment here. Several of these charges refer to issues which were presented under counts 2 and 3 of the complaint, which were eliminated. The other charges not embraced in this class are clearly subject to criticism, justifying their refusal by the trial court.

What was said by the court on the former appeal in regard to the sufficiency of the evidence to support a recovery under count 5 of the complaint is fully applicable to the record on this appeal, and need not be here repeated. The cause was properly submitted to the jury for their determination under said count.

Motion for a new trial was denied, and it is insisted that the verdict of the jury was so contrary to the weight of the evidence as to call for a reversal of the cause on this action of the court. The testimony has been very carefully considered, and a discussion of it here will serve no useful purpose. The cause was tried upon oral testimony, and the trial court had the witnesses before him. Under such circumstances, this court has held that the familiar rule announced in Cobb v. Malone, 92 Ala. 630, 9 South. 738, had not been changed by recent legislative enactment. Hatfield v. Riley, 74 South. 380.[1] Under this rule, therefore, we are of the opinion reversible error cannot be predicated upon this action of the court.

There were a few questions of evidence assigned as error, but they are given but scant consideration in brief of counsel for appellant. These questions have also been considered in consultation, and we find nothing in any of them constituting reversible error, and do not consider the questions of sufficient importance to be here separately treated.

Finding no reversible error in the record, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.