(92 South. 604)

## McDANIELS v. PAYNE, Director General of Railroads. (6 Div. 651.)

(Supreme Court of Alabama. April 20, 1922.)

**I. Courts ⬤106—Evidence not discussed in detail where it would serve no useful purpose.**

Since the passage of Acts 1915, p. 594, it has not been the policy of the Supreme Court to discuss the evidence in detail where to do so would serve no useful purpose.

**2. Carriers ⬤408(4)—Evidence held sufficient to support finding as to value of undelivered trunk and contents.**

In an action for the value of an undelivered trunk and contents, evidence *held* sufficient to support a judgment for plaintiff in the sum of only $180.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by H. J. McDaniels against John Barton Payne, Director General of Railroads. From a judgment for plaintiff in an insufficient amount, he appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

C. J. Dougherty, of Birmingham, for appellant.

The evidence was largely by deposition, and hence the finding of fact will be reviewed. 103 Ala. 481, 15 South. 641; 181 Ala. 565, 61 South. 914. The court found an inadequate verdict, and it should be reversed. 157 Ala. 230, 47 South. 565; 6 Ala. App. 301, 59 South. 355; 7 Ala. App. 537, 61 South. 480; 132 La. 532, 61 South. 574.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

Counsel discuss the issues made by the facts, with the insistence that the evidence amply supported the verdict rendered.

GARDNER, J. Appellant shipped two trunks, consigned to himself, from Ensley, Ala., to Gary, Ind., the Southern Railway being the initial carrier. The trunks were never received or delivered to appellant, and this suit was brought to recover the value of the trunks and contents.

The cause was tried before the court without a jury upon the depositions of the appellant and his wife and exhibits thereto, and on the part of appellee upon the oral testimony of the two clerks at its freight depot at Gary, Ind., in connection with answer of appellant to interrogation propounded by appellee. Judgment was rendered for the plaintiff in the sum of $180, and he appeals therefrom upon the ground that the amount of damages awarded is inadequate. This is the sole question here presented.

[1] The depositions of the plaintiff and his wife place the valuation of the contents of these trunks at something in excess of $1,000. It appears that these trunks remained in defendant's warehouse at Gary for more than a year, when they were sold as unclaimed freight, and the two witnesses for defendant testified to having opened and examined the contents of the trunks. They exhibited before the court some of the articles taken therefrom, and stated that the entire contents were of similar character and of very little value. To discuss the evidence in detail would serve no useful purpose, and such has not been the policy of this court since the passage of the Acts of 1915, p. 594. Pilcher v. Surles, 202 Ala. 643, 81 South. 585.

[2] Suffice it to say that after a most careful examination of the evidence we find no just cause for disturbing the finding of the court upon the disputed question of fact involved, and the judgment appealed from will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.