(96 South. 616)

### DAVIS v. HARRELL. (8 Div. 511.)

(Supreme Court of Alabama. May 24, 1923.)

1. **Appeal and error** ⊗⇒242(4)—**Objections to testimony not reviewable in absence of ruling or request therefor.**

Where the record discloses no ruling on objections to evidence, or any request therefor, and consequently no exception, assignments of error based on such objections present nothing for review.

2. **Wills** ⊗⇒386—**Rejection of will as not genuine not reversed unless plainly and palpably wrong.**

The Supreme Court will not reverse the trial court's action in rejecting an instrument offered for probate as not genuine merely because his conclusion is contrary to the preponderance of the evidence, or because the Supreme Court may have reached a contrary conclusion, it being necessary that the finding be plainly and palpably wrong.

3. **Appeal and error** ⊗⇒900—**Presumption in favor of trial court's holding not changed by statute.**

The rule that the presumption is in favor of the trial court's holding has not been changed by Acts 1915, p. 722.

4. **Courts** ⊗⇒104—**No detailed discussion of evidence where it will serve no useful purpose.**

Since the passage of Acts 1915, p. 594, it has not been the policy of the Supreme Court to discuss the evidence in detail, where it will serve no useful purpose.

Sayre, J., dissenting.

Appeal from Probate Court, Colbert County; N. P. Tompkins, Judge.

Proceeding by A. E. Davis to probate the will of E. C. Shockley, deceased, contested by Amelia Harrell. From a decree denying probate, proponent appeals. Affirmed.

Kirk & Rather, of Tuscumbia, for appellant.

Counsel argue the several questions raised, but without citing authorities.

Andrew & Peach, of Sheffield, for appellee.

The evidence was heard ore tenus by the trial court without a jury, and its judgment on appeal will not be reversed, unless palpably wrong. Cobb v. Malone, 92 Ala. 630, 9 South. 738; Thompson v. Collier, 170 Ala. 469, 54 South. 493; York v. State, 154 Ala. 60, 45 South. 893.

GARDNER, J. One A. E. Davis offered for probate in the probate court of Colbert county an instrument in writing bearing date August 10, 1909, purporting to be the last will and testament of E. C. Shockley, deceased, who died in Sheffield, Ala., in February, 1922. Amelia Harrell, an aunt of the deceased, and one of the beneficiaries under the will, resisted the probate of this instrument, denying the genuineness thereof. Upon the issue of fact thus presented, the cause was tried before the court without a jury, resulting in a judgment denying the petition and rejecting the probate of the alleged will. From this judgment the proponent has prosecuted this appeal.

[1, 2] While there are some objections to evidence, the record does not disclose any ruling thereon, or any ruling requested, and consequently no exception reserved. In this state of the record, the assignments of error based upon any objections to testimony present here no matters for review, and the question of prime importance upon this appeal concerns the review by this court of the action of the court below in entering judgment rejecting the instrument for probate. There can be no question that proof was adduced by the contestant, which was subject to no objection, which would justify the conclusion that the instrument offered for probate was not genuine.

[3] The question here for determination relates only to the issue of fact. The trial court had the witnesses before him and an opportunity to observe their demeanor upon

the stand, and considering the issue presented in this cause, we are of the opinion this was of peculiar advantage in this particular case. The rule governing this court upon questions of this character has been so often stated as to need no repetition here, further than to observe that this court is not to reverse the trial court under these circumstances only for the reason that his conclusion is contrary to the mere preponderance of the evidence, or, indeed, merely because this court may have reached a contrary conclusion. Before reversal upon this ground we must be convinced that the finding is plainly and palpably wrong. The rule that the presumption is in favor of the holding of the court below has not been changed since Acts 1915, p. 722, as has been frequently decided by this court. Price v. Price, 199 Ala. 433, 74 South. 381; Hatfield v. Riley, 199 Ala. 388, 74 South. 380.

[4] A detailed discussion of the evidence will serve no useful purpose, nor has it been the policy of this court to enter into such a discussion since the passage of Acts 1915, p. 594. Chamblee v. Johnson, 205 Ala. 66, 87 South. 817; McDaniels v. Payne, 207 Ala. 346, 92 South. 604.

Suffice it to say that this court has considered the evidence in this record in consultation with painstaking care, and viewed the facts and circumstances in the light of brief of counsel for the respective parties. While the question is not free from difficulty, we have reached the conclusion that the finding of the trial court upon the facts should not be here disturbed.

It results, therefore, that the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

SAYRE, J., dissents.