(110 So. 804)

**CURB v. STEWART, ADAMS & CO.**
**(2 Div. 902.)**

(Supreme Court of Alabama. Nov. 4, 1926.
Rehearing Denied Jan. 22, 1927.)

**I. Sales ⬤⟹280—Sale of paint, under warranty of durability, is impliedly conditioned on proper application.**

Sale of paint, under warranty that it would stand for seven or eight years, presupposed that it would be properly applied.

**2. Sales ⬤⟹437(2)—As respects breach of warranty, that paint had been improperly applied could be offered, in action for purchase price, without averment in replication concerning paint's application.**

In action for purchase price of paint, where plaintiff's demurrer to averment of breach of warranty in answer, on ground that there was no allegation that paint was properly applied, was overruled, fact of improper application of paint could be offered without setting it up in replication.

**3. Appeal and error ⬤⟹1012(1), 1015(3)—Findings of trial court, together with refusal of new trial, will be sustained unless against preponderance of evidence.**

Findings of trial court, together with its refusal of new trial, will be sustained, unless, after allowing all reasonable presumptions in favor of correctness of such action, preponderance of evidence is against finding and judgment.

**4. Appeal and error ⬤⟹1008(1)—Finding of trial court is regarded like jury verdict.**

Finding of trial court is regarded by appellate court like verdict of jury.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Action by Stewart, Adams & Co. against W. E. Curb. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

R. B. Evins, of Birmingham, for appellant.

Testimony to the effect that the paint had not been properly applied was not admissible, without a replication to defendant's plea. A. G. S. v. Cardwell, 171 Ala. 274, 55 So. 185.

Keith & Wilkinson, of Selma, for appellee.

Since it was not necessary to aver in defendant's plea that the paint was properly applied, proof that it was not so applied was admissible without a replication. The action of the trial court in overruling motion for new trial will not be reversed, unless the preponderance of the evidence is against the verdict. Ala. Co. v. Brown, 129 Ala. 286, 29 So. 548; Sheppard v. Dowling, 103 Ala. 563, 15 So. 846; Wolf v. Delage, 150 Ala. 445, 43 So. 856; Birmingham Ry. Co. v. Lindsey, 140 Ala. 312, 37 So. 289.; Bingham v. Davidson, 141 Ala. 551, 37 So. 738.

THOMAS, J. This is the second appeal. 210 Ala. 341, 98 So. 24. The case was tried by the court without a jury and resulted in a judgment for the plaintiff.

[1] It is uncontradicted that the defendant bought the paint under a warranty that it would stand for seven or eight years. This presupposed that it be properly applied. Defendant's evidence is wanting in the proof that the same was properly applied, that is, in a skillful and workmanlike manner.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The plaintiff's demurrer to the plea, setting up a breach of the warranty for that it is not averred that the paint was not applied in a skillful and workmanlike manner, held, on former appeal, not well taken. On the second trial, this ruling was followed and the demurrer was overruled. It follows that, if this was not necessary for such averment as to the manner the paint was applied, the fact may be offered without setting the same up by way of replication. There could be no breach of the warranty, unless it was shown that the paint failed to measure up to the contract stipulations after being properly applied.

[3, 4] The finding of the trial court and its refusing a new trial will be sustained, unless, after allowing all reasonable presumptions in favor of the correctness of such action, the preponderance of the evidence is against the finding and the judgment, and this court is convinced that the same is wrong and unjust. We cannot say there was a palpable failure of the evidence to support the finding of the court in this case, and its action, in overruling the motion for a new trial on the ground that the verdict was contrary to the evidence, will be sustained. Bingham v. Davidson, 141 Ala. 551, 37 So. 738. The court saw and heard the witness, and the finding is regarded in this court like the verdict of a jury.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.