48 So.2d 249

ALABAMA GREAT SOUTHERN R. CO.
v. RUSSELL.

6 Div. 909.

Supreme Court of Alabama.
Dec. 15, 1949.

702

Jas. J. Mayfield, of Tuscaloosa, for petitioner.

Benners, Burr, Stokely & McKamy, of Birmingham, and Jones, Dominick & McEachin, of Tuscaloosa, opposed.

FOSTER, Justice.

The questions here presented relate to the nature of evidence to support plaintiff's claim for damages to his land caused by defendant negligently setting out fire on its right of way, spreading to plaintiff's land and burning it over.

The opinion of the Court of Appeals notes that the complaint alleged the damages to be that "large quantities of pine trees and hardwood timber were destroyed" and "a great number of fence posts and fence wiring were destroyed" and plaintiff's "land and vegetation thereon was otherwise charred, scorched and rendered less valuable." And that plaintiff's proof tended to show that all such damage occurred by reason of the fire. The question chiefly discussed is the measure of damages by legal standards.

As we understand the opinion, it supports the reversal because the trial court overruled defendant's objection to plaintiff's testimony fixing the value of the land before the fire and after the fire, holding that it improperly establishes all of plaintiff's damages by a single formula. The theory seems to be that this was error because the damages should be fixed by two formulas. One is the value of the damage to the grass, fence posts and wiring and the other is the difference in the value before and after the fire, including in that difference the value of the timber damaged. So that the opinion concludes that it was error to allow plaintiff to testify to the difference in the value including in such estimate the grass and fencing destroyed. This seems to be based on a statement in

Jefferson Lumber Co. v. Berry, 247 Ala. 164, 23 So.2d 7, 10, 161 A.L.R. 544, that "where there is damage to the land, and also destruction of property attached to the land capable of ascertainment as to its value, recovery may be had for both." That statement is a part of the quotation from Atlanta & B. Airline R. R. v. Brown, 158 Ala. 607, 48 So. 73. That opinion refers to the rules for damages in trespass to land and in trover for the conversion of timber, though considering a negligence case.

■ As the Court of Appeals observed, the difference in value before and after the damage is the proper basis for fixing the amount when the damage includes the destruction of timber, whether the suit is in case or trespass. Southern Ry. v. Slade, 192 Ala. 568, 68 So. 867(11). See, also, Lee v. Gidley, Ala.Sup., 40 So.2d 80;[1] Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Granade v. United States Lumber and Cotton Co., 224 Ala. 185, 139 So. 409; Loper v. Ganguet, 250 Ala. 584, 35 So.2d 341.

■ When other features of the realty are permanently injured, the same general principle applies. This sometimes includes fences. 17 Corpus Juris 886, 887 et seq., § 189; 25 C.J.S., Damages, § 85; Fuller v. Fair, 202 Ala. 430, 80 So. 814. But this is not the rule in respect to damage to growing crops. Foust v. Kinney, 202 Ala. 392, 80 So. 474; Gresham v. Taylor, 51 Ala. 505.

In cases of this kind for negligently causing land to be burned over, there is apparently no different formula for measuring the damages than compensation to the landowner for his loss, as in cases of trespass to land. It would seem to be immaterial, when punitive damages are not involved, whether the injury was done by direct act constituting trespass or indirect or negligent act constituting case.

■ In most instances compensation is fully met by the difference in the value of the land before and after the injury and caused by it. In some instances, however,

that is the same as the value of that which is destroyed or severed. The difference in value does not include compensation for growing crops or grass for grazing. Plaintiff could not have a recovery for such damage without proof as to the amount of such loss. If there is no such proof, no such damage can be included in the recovery.

■■ In any event, the matter to be determined by the jury on the evidence is what amount will provide full compensation for the loss to the owner. We are here dealing with evidence, not the measure of damages. Evidence is competent as to values before and after the loss: also as to the value of the timber and structures and crops injured or destroyed. All such evidence is proper so that the jury may fix the true amount of compensation. Lee v. Gidley, Ala.Sup., 40 So.2d 80.[1] But evidence of all such matters is not necessary to justify recovery for those which are well supported. The jury may limit its award to an amount equal to the difference in the value before and after the fire. Evidence of such difference was admissible without proof of the amount of the damage to the grass and fence.

■ We also note in connection with the testimony of Neighbors that the rules of evidence do not permit one to testify that the damage to plaintiff's woodland was a certain sum. Sloss-Sheffield Steel & Iron Co. v. Mitchell, 181 Ala. 576(15), 61 So. 934; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795; Rountree Farm Co. v. Morgan County, 249 Ala. 472, 475, 31 So.2d 346.

We do not understand the opinion to mean that the Court of Appeals held that the verdict should be set aside because it was contrary to the great weight of the evidence. We reverse the Court of Appeals in holding there was error in respect to the admissibility of the evidence we have considered and remand the cause to that court for further consideration.

Reversed and remanded.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

[1] 252 Ala. 156.