55 So.2d 919

**W. T. SMITH LUMBER CO. v. McKENZIE et al.**

**3 Div. 565.**

Supreme Court of Alabama.

Jan. 3, 1952.

497

Paul Hartley, Greenville, for appellees.

Calvin Poole, Greenville, for appellant.

498

LAWSON, Justice.

This suit was filed in the circuit court of Butler County by Mrs. Evelyn M. McKenzie and three of her sisters against Irby Hinson and W. T. Smith Lumber Company, a corporation.

The original complaint contained three counts. The first count is in trespass and claims $2,000 damages for trespass on approximately 136 acres of land belonging to plaintiffs and for the cutting and removing of trees therefrom. The second count seems to be in trespass against Hinson and in case against the W. T. Smith Lumber Company. The third count of the complaint claims the sum of $185, statutory penalty for cutting certain trees from the lands of the plaintiffs.

On the day of the trial the complaint was amended by adding thereto Count A, which is against the W. T. Smith Lumber Company only and is in case. It claims $2,000 damages for the acts of the lumber company's agents, servants or employees in entering upon the plaintiffs' land, 136 acres more or less, and for cutting and removing trees therefrom. The defendant pleaded the general issue.

After the evidence was all in, plaintiffs amended the complaint further by striking Count 3 which, as above indicated, claimed the statutory penalty for cutting trees.

The case went to the jury on Counts 1, 2, and A. There was verdict for plaintiffs against the defendant W. T. Smith Lumber Company under Count A. The verdict was for $500. Its motion for new trial being overruled, W. T. Smith Lumber Company has appealed to this court.

We do not have any question presented on this appeal as to whether Count 2 of the complaint was bad for joining trespass and trespass on the case in the same count, or as to the right of the plaintiffs to claim against both defendants in Counts 1 and 2 and against only one defendant, the W. T. Smith Lumber Company, in Count A.

We see no necessity to set out here the evidence as it relates to the question of whether appellant's servants, agents or employees entered on the lands of plaintiffs and cut and removed trees therefrom. As to this point, the evidence was in sharp conflict and was for the jury's determination.

The difference in value before and after the damage is a proper basis for fixing the amount of damage when the damage includes the destruction of timber, whether the suit is in case or trespass. Alabama Great Southern R. Co. v. Russell, 254 Ala. 701, 48 So.2d 249, and cases cited.

The adaptability of the property taken or injured for a special purpose affecting its value is an element for the consideration of the jury in assessing the damages. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974, and cases cited.

The evidence shows that not more than twenty-one trees were cut on the property of plaintiffs. The value of the trees so cut as timber was fixed at approximately $25. But testimony for plaintiffs, admitted in evidence without objection, was to the effect that their land was adaptable as a residential subdivision and at the time of the cutting, plaintiffs' purpose was to so use it. The evidence for the plaintiffs tends to show that the cutting of the trees damaged their property to the extent of $2,500.

At the time the trees were cut plaintiffs' property was used as farm land.

It had not been subdivided, nor had plaintiffs had the property surveyed for that purpose. A few months after the trees were cut and prior to trial, a subdivision map was made showing streets and lots. The trial court permitted the introduction of this map in evidence over the objections of counsel for appellant. It is apparent from the record that the trial court admitted this map on the theory that it was admissible as tending to show the use to which the land could be put at the time of the trespass and it was limited to that purpose.

This action of the trial court is in accord with our recent holding in the case of Thornton v. City of Birmingham, 250 Ala. 651, 655, 35 So.2d 545, 547, 7 A.L.R.2d 773, where we said in part as follows: " * * Evidence of value of the property for any use to which it is reasonably adapted is, as already stated, admissible but the proof must be so limited and the testimony restricted to its value for such purpose. Of probative tendency on this issue is the offer of a proposed plan or a possible scheme of development, and the trial court so held, but it was not permissible to incorporate in such a plan the speculative price of the individual lots. * * * "

The surveyor who made the map testified as to its correctness. He was shown to have had many years experience as a surveyor. It was not error, therefore, to admit the map in evidence for the purpose to which it was limited, although there was no compliance with all the provisions of § 13, Title 56, Code 1940. Hill v. Johnson, 214 Ala. 194, 106 So. 814, and cases cited.

■ The map being in evidence, it was permissible for the witnesses for plaintiffs to refer thereto in connection with their testimony as to the value of the property before and after the trees were cut. The evidence for the plaintiffs as to the value before and after the cutting was, of course, based on the opinion of the witnesses, as testimony of value of property can only be a matter of opinion. Curtis et al. v. Hunt, 158 Ala. 78, 48 So. 598.

■■ At the time of the alleged entry and cutting of the trees, all of the plaintiffs owned the land and the trees thereon as tenants in common. Subsequent thereto and prior to the time this suit was filed, they divided the property among themselves in such a manner that the plaintiff Mrs. Evelyn M. McKenzie became the owner of that part of the land where the trees were cut. But this did not deprive Mrs. McKenzie's sisters of an interest in the suit, for a right of action for a trespass to land is not assigned by subsequent conveyance of the land. 63 C.J. 929, § 58; Caledonian Coal Co. v. Rocky Cliff Coal Mining Co., 16 N.M. 517, 120 P. 715.

■ During the course of the trial and in support of Count 3 of the complaint claiming the statutory penalty for the cutting of trees, plaintiffs introduced in evidence without objection a letter written by the plaintiff Mrs. McKenzie to the defendant W. T. Smith Lumber Company, which in effect requested the lumber company not to cut the timber which it had purchased from one Foster, located on land joining that of plaintiffs, until the line between the Foster land and plaintiffs' land had been established.

As pointed out above, Count 3 of the complaint was eliminated by amendment after this letter was admitted in evidence and before the case went to the jury. The letter was delivered to the jury. Later the trial court recalled the jury and instructed them not to consider the letter, since Count 3 was no longer in the complaint. At this point counsel for appellant moved for a mistrial on the ground that the letter had been in the jury room for some time and the damage done to the defendant lumber company could not be removed. The motion for mistrial was overruled.

The motion for mistrial was properly overruled. The letter was correctly admitted in evidence; in fact, there was no objection to its admission. Under § 239, Title 7, Code 1940, the court properly allowed the plaintiffs to amend their complaint by striking Count 3 of the complaint. Any error in permitting the letter to go into the jury room was, in our opinion, effectively cured by the instruction of the trial court to the jury that the letter not be considered.

The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because of the excessiveness of the verdict. The evidence as to the extent of the damage was in sharp conflict. As before indicated, the evidence for plaintiffs tended to show that the property was worth $2,500 less after the trees were cut. Most of the evidence for the defendants on the question of damages related to the value of the trees as lumber and the amount fixed was very small. However, there was some evidence for the defendant going to show that the cutting of the trees resulted in practically no injury to the property for residential purposes.

We have said: " ' * * * the trial court will not set aside a verdict for damages merely because in its opinion the jury gave too much or too little. And, where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below. * * * unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury.' " Central of Ga. Ry. Co. v. White, 175 Ala. 60, 62, 56 So. 574, 575. See Wilson & Co., Inc., v. King, 250 Ala. 90, 33 So.2d 351.

It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Smith v. Smith, 254 Ala. 404, 48 So.2d 546.

The rule that the presumption on appeal is in favor of the correctness of the finding of the trial court has not been changed by the provisions of the 1915 act, now codified as § 764, Title 7, Code 1940, as amended. Price v. Price, 199 Ala. 433, 74 So. 381; Davis v. Harrell, 209 Ala. 528, 96 So. 616.

The damages as fixed by the jury will be allowed to stand.

The judgment is affirmed.

Affirmed.

All the Justices concur except BROWN, J., who dissents.

BROWN, Justice (dissenting). I cannot agree with the majority opinion in so far as it holds that the map of the proposed subdivision was properly admitted in evidence. I am of the opinion that the map was not admissible and, therefore, the judgment of the trial court should be reversed and the cause remanded.