82 So.2d 209

### VAN ANTWERP–ALDRIDGE DRUG CO.

### v.

### Sam L. SCHWARZ.

### 1 Div. 629.

Supreme Court of Alabama.

Aug. 18, 1955.

208

Johnston, McCall & Johnston, Mobile, for appellant.

D. R. Coley, Jr., Mobile, for appellee.

STAKELY, Justice.

This suit was instituted by Sam Schwarz (appellee) against Van Antwerp-Aldridge Drug Co., a corporation (appellant), for the loss and destruction of certain pecan trees owned by the appellee. The case was tried on counts 4, 5 and 7 of the complaint to each of which the appellee pleaded the general issue. Count 4 claims damages of the defendant for breach of an express warranty in that in May 1951 an agent, servant or employee of the defendant while acting within the line and scope of his employment, sold to the plaintiff a mixture composed of axel grease, chlorodane and D.D.T. and advised him that it was a good, efficient and safe composition to be applied by the plaintiff to his pecan trees to rid the trees of caterpillars. It is further alleged in substance that relying thereon the plaintiff did buy a quantity of the aforesaid composition for which he paid a consideration to the defendant, that the plaintiff did thereupon apply the composition to certain of his pecan trees and that shortly thereafter and as a direct and proximate consequence of the application of the composition fourteen of the pecan trees died and became worthless.

Count 5 is substantially similar to count 4.

Count 7 claims damages for breach of warranty in the sale of a chemical composition by the defendant's agents, servants or employees while acting within the line and scope of their employment as such to the defendant during the month of May, 1951, it being warranted that the chemical composition would be a safe composition to be used on certain pecan trees owned by the plaintiff for the purpose of ridding the same of caterpillars when, in fact, that chemical composition was poisonous in nature to the trees and did in fact upon the application of same to the trees cause fourteen of the plaintiff's trees to die. There was verdict and judgment for the plaintiff in the sum of $1,500. Motion for new trial was overruled by the court.

■ I. The plaintiff was allowed to prove his damages by showing the reasonable value of the trees prior to their destruction. The testimony of witnesses supported by pictures introduced in evidence showed the death of the trees. There was testimony tending to show the good condition of the trees and their value prior to application of the mixture on the trees. It is insisted by the appellant that the proper method of proving damages where growing trees are destroyed or damaged is by proving the reasonable market value of the realty before and after the destruction of the trees. Such authorities as Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Alabama Great Southern R. Co. v. Russell, 254 Ala. 701, 48 So.2d 249; Loper v. Ganguet, 250 Ala. 584, 35 So.2d 341; W. T. Smith Lumber Co. v. McKenzie, 256 Ala. 496, 55 So.2d 919, are cited to support the position of the appellant.

However in the case of Jefferson Lumber Co. v. Berry, 247 Ala. 164, 23 So.2d 7, 9, 161 A.L.R. 544, this court said:

"'It is true that the general rule is recognized in this state that, in an action for trespass to the land itself, the difference between the value of the land before and after the trespass is the measure of the damage. Brinkmeyer et al. v. Bethea, 139 Ala. 376, 35 So. 996. This is not an action of trespass, but an action for negligence resulting in injury. The true rule is said to be that "if the thing destroyed, although it is a part of the realty, has a value which can be accurately measured and ascertained, without reference to the soil in which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, not the difference in the value of the land before and after such destruction". * * * This rule is applied to crops, grass, fruit trees, etc. * * *.'"

See also Mitchell v. Billingsley, 17 Ala. 391; Sedgwick on Damages, Vol. 3, p. 1925.

The suit here is for damages to fruit trees growing out of the breach of an alleged express warranty and is not an action for trespass to the land itself. As was said in Alabama Great Southern R. Co. v. Russell, supra [254 Ala. 701, 48 So.2d 251], "In any event, the matter to be determined by the jury on the evidence is what amount will provide full compensation for the loss to the owner." There was no error in allowing the plaintiff to prove the reasonable value of the trees prior to their alleged destruction.

■ II. In view of what we have said there was no error in refusing written charges limiting plaintiff's recovery to nominal damages. Authorities supra; World's Exposition Shows, Inc., v. B. P. O. Elks No. 148, 237 Ala. 329, 186 So. 721.

■ III. It is argued that the court was in error in refusing to give at the request of the defendant charges 9 and 10. It is insisted that these charges should have been given by the court so that the jury could have decided whether or not the mixture was applied in the manner the defendants' agent suggested. We think it is true that if the material had been sold with the condition that it must be applied in some specified manner and the purchaser failed to apply it in the manner prescribed by the defendants' agent, then the purchaser could not recover for the damage done. In other words it would have been incumbent upon the plaintiff to

show that he did apply or use the substance in the manner prescribed and made a condition of the warranty. Landman v. Bloomer, 117 Ala. 312, 23 So. 75; Curb v. Stewart, Adams & Co., 215 Ala. 511, 110 So. 804. We have carefully considered the evidence however and do not find that there was any condition to the warranty. Under the circumstances there was no issue involved as to any condition attached to the warranty and the charges requested were abstract and, therefore, properly refused.

■ IV. It is argued that the defendant was entitled to the general affirmative charge with hypothesis. The affirmative charge was requested separately as to counts 4, 5 and 7. Counts 4 and 5 each allege that the plaintiff relied on an express warranty that the compound that he purchased was a good one and would not injure his trees and since this is true it is argued there can be no implied warranty in keeping with such cases as Holt Lumber Co. v. Givens, 196 Ala. 640, 72 So. 257; Grasselli Chemical Co. v. City Ice Co., 200 Ala. 172, 75 So. 920. However we now have §§ 18 and 21, Title 57, Code of 1940, to consider. Section 18 reads as follows:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

In substance the testimony of the plaintiff showed that he went into the place of business of the defendants and inquired for some substance which he could apply on trees and which would prevent or stop caterpillars in the trees and that the agent or servant of appellant, acting within the line and scope of his employment, sold to him the compound with the representation that it would keep the caterpillars off his trees and would be good for the trees. There is testimony tending to show that the plaintiff purchased the substance relying upon the representation that it would be a good, safe and efficient compound for the purposes for which he wished to buy it. We think it is clear that the testimony showed an express warranty under the provisions of the foregoing statute.

■ In addition to the foregoing we call attention to the provisions contained in § 21, Title 57, Code of 1940, as follows:

"* * * (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. * * * (6) An express warranty or condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith."

The allegations of Count 7, which follow the code form, § 223(24), Title 7, p. 203, Code of 1940, do not allege an express warranty and therefore the question as to whether there was an express or implied warranty which was relied on by the plaintiff would depend upon the evidence. Under the evidence the plaintiff who was the purchaser made known to the seller the particular purpose for which the substance was required and that he relied upon the skill and judgment of the seller as to whether the merchandise was reasonably safe for the purposes for which he bought it. Since the adoption of the foregoing statutes there may be an implied warranty which is not inconsistent with the terms of an express warranty. See Wise v. Central Iowa Motors Co., 207 Iowa 939, 223 N.W. 862, and cases collected at pp. 227–278, Uniform Laws Annotated, Sales § 15. We find no such inconsistency under the evidence as to negative an implied warranty. Not only, as we have shown, was there proof tending to show an express warranty to sustain Count 7, but there was evidence tending to show an implied war-

ranty which would sustain Count 7. It seems to us beyond dispute that questions for the jury were presented by the evidence and that the court was not in error in refusing the affirmative charge or the affirmative charge as to either Counts 4, 5 or 7.

V. It is argued that the court was in error in overruling the motion for a new trial. The grounds of the motion for a new trial raise the questions which we have already covered in this opinion. There was no error committed by the court in overruling the motion for a new trial.

It results that the judgment of the lower court is due to be affirmed.

Affirmed.

LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.