127 So.2d 611

Leon SMART

v.

S. C. WAMBLES.

4 Div. 20.

Supreme Court of Alabama.

March 2, 1961.

Fleming & Stephens, Elba, for appellant.

S. Fleetwood Carnley, Elba, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Coffee County, Alabama, Elba Division, from a judgment rendered by that court on October 7, 1958 in favor of S. C. Wambles, in the amount of $300. A motion for a new trial was filed and overruled.

S. C. Wambles filed suit against Leon Smart in April of 1958. The complaint was in three counts. After all the evidence was in, the appellee struck counts 1 and 3, leaving only count 2, which was in trespass, for the consideration of the jury.

The evidence shows that in December 1957, the defendant was cutting timber on the land of L. L. Miller, said land adjoining land of the plaintiff. The plaintiff discovered during the first week after Christmas of 1957 that approximately 96 trees had been cut and carried from his land. These trees ranged in diameter from 7 inches to 21 inches. There were also several saplings cut. The contention of the plaintiff was that the defendant, in the process of cutting timber on the land of L. L. Miller, entered upon plaintiff's North Forty and cut and removed the timber therefrom. The timber in question was on only 20 acres of the North Forty. There was evidence tending to show that the decrease in value of the land by the cutting of the timber was from $2 per acre to $30 per acre, thereby showing damage ranging from $40 to $600. There is no evidence of dispute between the parties over the boundary lines. The only question presented for the jury was whether or not this defendant cut the trees on the plaintiff's land and carried them away, and if so, a determination of the damages suffered thereby.

The jury returned a verdict in favor of plaintiff for $300. On this appeal, we are asked to determine whether or not this verdict was sustained by the evidence.

Assignments of error 1, 2 and 3 not being argued by appellant in brief are deemed waived and will not be considered by the court. Supreme Court Rule 9(d), Code of Ala., Tit. 7 Appendix. Therefore, there is but one assignment of error to be considered by this court on appeal, that being assignment of error 4, to wit:

"4. The court erred in refusing to grant the defendant's motion for new trial, said motion for new trial appearing on page 71 of the Transcript and the order denying the same appearing on page 78 of the Transcript."

The grounds assigned in the motion for a new trial present three questions for our consideration. One is that the verdict is contrary to the law, the evidence, the great preponderance of the evidence, and the facts. This contention is set out in grounds 1, 2, 3 and 4. The second contention is set out in the fifth assigned ground to the effect that the verdict of the jury for $300 is excessive. The third contention, set out in grounds 6 and 7, is that the court erred in refusing to give the affirmative charge at the request of defendant. The appellant in his motion for a new trial set out the requested charge which he contends the court erred in refusing to give, which reads as follows:

"1. The Court charges the jury, that if you believe the evidence in this case, you should find for the defendant.

"Refused

"Eris F. Paul, Judge."

The trial court cannot be put in error for denying the motion on the basis of grounds 6 and 7 because nowhere in the record is it shown that this charge as set out by defendant was denied by the trial judge. A careful reading of the record shows that only one charge requested by the defendant was refused, and this charge which was refused was not the same charge which the appellant set out in the motion for a new trial. The only charge refused the appellant was as follows:

"1. The Court charges the jury, that if you believe the evidence in this case, you should find for the defendant under Count Two of the Complaint."

Nowhere in the appellant's motion for a new trial or his assignments of error does he complain of the trial judge refusing this charge.

We are of the opinion that the trial court did not err in refusing to grant the motion for a new trial on the ground that the verdict of the jury for $300 was excessive. There was testimony by Jack Maddox that the 20 acres on which the timber in question was standing was worth $1,200 before cutting the timber and $600 after cutting the timber. There was also testimony of Freeman Flowers, a witness for defendant that the land was worth about the same after the timber was cut as before it was cut, with a decrease of no more than $2 per acre. Therefore, there was testimony of damages ranging from $40 up to $600. Under such testimony, we cannot say that $300 was excessive.

This court said in W. T. Smith Lumber Co. v. McKenzie, 256 Ala. 496, 55 So.2d 919, 922:

" ' " * * * the trial court will not set aside a verdict for damages merely because in its opinion the jury gave too much or too little. And, where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below. * * unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury." ' Central of Ga. Ry. Co. v. White, 175 Ala. 60, 62, 56 So. 574, 575. See Wilson & Co., Inc., v. King, 250 Ala. 90, 33 So.2d 351."

Ground 1 of the motion for a new trial is too general for consideration. It was said in Cobb v. Malone, 92 Ala. 630, 9 So. 738, and often repeated, that when the ground for a motion for a new trial is that the verdict is contrary to the law, or that errors of law occurred during the trial, a general assignment will be disregarded; the respects in which the verdict is contrary to law, or the errors of law complained of, should be specified, so as to direct the court's attention to the alleged erroneous rulings. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Waldrop v. Langham, 260 Ala. 82, 69 So.2d 440.

The remaining grounds, 2, 3 and 4, are to the effect that the verdict is against the weight of the evidence. Verdicts are presumed to be correct, and no ground of a motion for new trial is more carefully scrutinized than that the verdict is against the weight of the evidence, and the refusal to grant a new trial by the trial court, sought on such grounds serves to strengthen the presumption in favor of the correctness of the verdict. Dollar v. McKinney, supra; Redmond v. Self, 265 Ala. 155, 90 So.2d 238; Smith v. Lawson, 264 Ala. 389, 88 So.2d 322; Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331; W. T. Smith Lumber Co. v. McKenzie, supra.

A careful review of the evidence reveals that there was testimony, which if believed by the jury, would justify the verdict in the trial court and under such circumstances the motion for a new trial was

properly overruled. For the foregoing reasons, we do not feel we would be justified in disturbing the verdict in this case.

The judgment of the trial court is affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.